SWETT'S CASE.

Franklin.    Opinion August 19, 1926.

*While causal connection between the accident and disability must be shown, the accident need not be proved to be the sole or even the primary cause of disablement. It is sufficient to sustain a finding for the injured employee if the accident caused an acceleration or aggravation of a pre-existing disease.*

*The decree of a Commissioner in an industrial accident case must be based on evidence.  Otherwise it cannot be allowed to stand.  But a Commissioner's finding that the diseased condition of a petitioner is due to or has been aggravated by an accident will not be set aside merely because not based on the opinion of an expert if it is reasonably supported by other testimony.*

In the instant case there was some evidence upon which the Commissioner's decree was based, thus removing it from the realm of mere speculation, surmise or conjecture.

On appeal.   The petitioner was injured, it is admitted, while in the employ of the Wilton Woolen Co., by an accident arising out of and in the course of his employment.   While carrying on his shoulder one end of a timber, he slipped and fell backward into a hole five feet deep.   At the time of the accident the petitioner had a chronic diseased condition of the heart and contended that the accident accelerated or aggravated such condition resulting in total disability, while the respondents claimed that his disability was not a result of the accident.   Compensation for total disability was awarded and from an affirming decree an appeal was taken.

Appeal dismissed with costs.   Decree affirmed.

The case is sufficiently stated in the opinion.

*Cyrus N. Blanchard,* for petitioner.

*Merrill & Merrill,* for respondents.

SITTING: WILSON, C. J., DEASY, STURGIS, BASSETT, PATTANGALL, JJ.

DEASY, J. It is conceded that the petitioner on October 7th, 1924 suffered an accident arising out of and in the course of his employment by the Wilton Woolen Co. It is shown and not denied that at the time of the accident he had a latent, chronic diseased condition of the heart and spine (the precise medical diagnosis being unimportant) but was apparently, and so far as he knew well and sound and was engaged in hard manual labor.

The petitioner contends that the accident aggravated or "lighted up" his diseased condition and thus produced his present disability, or at all events brought it on at a much earlier time than it otherwise would have resulted.

If this latter contention is supported by evidence, the Commissioner's decree in favor of the petitioner must be sustained and the defendants appeal dismissed.

While causal connection between the accident and disability must be shown (*Westman's Case*, 118 Maine, 134), the accident need not be proved to be the sole, or even the primary cause of disablement.

It is sufficient to sustain a finding for the injured employee if the accident "hastened a deep seated disorder," (*Lachance's Case*, 121 Maine, 506) or "so influenced the progress of an existing disease as to cause . . . disablement" (*Mailman's Case*, 118 Maine, 180), or caused an "acceleration or aggravation of a preexisting disease," *Hull's Case*, 125 Maine, 137.

Dr. Risley a medical witness called at the instance of the Commissioner concurred in the suggestion of his cross-examiner that whether an accident lights up and makes worse a pathological condition is a "mere guess."

Arguing from this the defendants' counsel contends that the Commissioner's decree was built upon the sand of "speculation, surmise or conjecture" and cannot stand. *Butt's Case*, 125 Maine, 245.

But the decree was founded upon some evidence as the following brief summary may show.

At the time of the accident the petitioner felt and apparently was, well and sound. He had lost, he said, only nine days time in forty years. On October 7, 1924 while carrying on his shoulder one end of a water soaked stick of timber fourteen feet long and six inches square, he slipped and fell backward into a hole five feet deep and the timber "squatted me (him) down into the hole."

Afterward, while suffering constant pain, obliged to stop and rest several times between his house and the mill, he continued in his employment, performing light tasks, until July 18th, 1925. Since that time he has done practically no work. The Commissioner found him totally disabled.

· One physician testified that the accident was a "plausible cause" of the disability; another, that the accident might have brought about his condition; another, that the accident could have accelerated his disorder, and another (Dr. Risley) speaking generally, testified, "I do think . . . . injury lights it up and makes it worse."

It will be observed that no physician expresses a positive opinion that Swett's disability was caused or aggravated by the accident. All of the medical testimony was given in the potential rather than the indicative mood. Some authorities treat this as a fatal weakness in a petitioner's case. *Fink* v. *Sheldon Co.*, 270 Pa., 479, 113 Atl., 666; *Anderson* v. *Baxter*, (Pa.), 132 Atl., 359; *Carolan* v. *Hoe*, 212 N. Y. S., 75.

But while this court holds expert medical testimony to be of very great importance and value, it is not absolutely essential in the establishment of truth.

It need not be reiterated that a Commissioner's decree must be based upon evidence. It is only stating the same thing in another way to say that if such a decree is founded upon speculation, surmise or conjecture it cannot stand. This is true where evidence of primary facts is wanting. It is likewise true where, as in this case, the issue is the correctness of an inference, deduction or conclusion.

In such case an expert opinion fully supporting the Commissioner's finding is desirable. But as in a common law action, so in a compensation case, expert evidence is not always essential to the making of sound deductions.

The Commissioner's conclusion notwithstanding that its supporting evidence is not viseed by an expert must stand if rational and natural. *Kelley's Case*, 123 Maine, 263; *Adam's Case*, 124 Maine, 297; *Cacciagiano's Case*, 124 Maine, 422; *Mailman's Case*, supra.

The decree in the present case was based on the full history of the case, the sequence of events, (*Anderson* v. *Baxter*, supra), the sudden transition from health to pain and weakness, the progressive and increasing disability beginning at the time of the accident, and culmi-

nating in total incapacity, the unanimous testimony of physicians that the petitioner's diseased condition could have been aggravated by his fall, and the evidence of Dr. Risley that injury "lights it up and makes it worse."

We think that the Commissioner's conclusion was rational notwithstanding Dr. Risley's disclaimer of certainty.

*Appeal dismissed with costs.*
*Decree affirmed.*