199    462
40SC  20

## Stork v. Philadelphia, Appellant.

*Negligence—Independent contractor—Retention of control.*

Where work is confided to an independent contractor who is to be responsible for all injuries caused by negligence, the principal will nevertheless be liable to a third party injured, if he not only retains the right to control the work in certain respects, but actually exercises control in the matter from which the injury arose.

Argued March 27, 1901. Appeal, No. 363, Jan. T., 1901, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1900, No. 167, on verdict for plaintiff in case of Annie E. Stork v. Philadelphia. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for injuries to a dwelling house.

At the trial it appeared that plaintiff's house stood on Eighteenth street about fourteen feet south from the south building

line of Pennsylvania avenue in the city of Philadelphia. Between the house and Pennsylvania avenue there stood another dwelling house belonging to one Ryan. At the time the injury occurred, P. H. Flynn & Company, independent contractors, were engaged in the construction of the subway on Pennsylvania avenue, and in the prosecution of the work it became necessary to tear down the Ryan house. It appeared that the city retained the right to determine when any underpinning or shoring up of foundations should be done. The city refused to authorize the shoring up of plaintiff's house, when the excavation was first made, and this resulted in serious damage to the property.

It was agreed that if there was any evidence on which the jury could find negligence on the part of the city, the damages should be liquidated at $2,728, and under direction of the court the jury returned a verdict for plaintiff for that amount subject to a question reserved as to whether there was any evidence of such negligence.

The court subsequently entered judgment on the verdict. Defendant appealed.

*Error assigned* was in entering judgment on the verdict.

*Francis L. Wayland,* assistant city solicitor, with him *John H. Maurer* and *John L. Kinsey,* city solicitor, for appellant.

*John C. Bell,* with him *Charles L. Brown,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

The undisputed evidence shows that the city not only retained the right to determine when any underpinning or shoring up of foundations should be done (such work being the subject of extra compensation to the contractor), but did in fact refuse or neglect to authorize the shoring up of plaintiff's house when the excavation was first made. This omission was the negligence complained of as the cause of the injury. There was evidence, therefore, on which the case must have gone to the jury, and under the agreement of the parties, the court was right in entering judgment for the plaintiff.

Judgment affirmed.