## Moss, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Damages—Traumatic tuberculosis—Evidence.*

In an action against a street railway company to recover damages for personal injuries, where the plaintiff claims as an element of damages the development of traumatic tuberculosis from the injury received at the time of the accident, the trial judge commits no error in directing the jury not to take into consideration the tuberculosis of the plaintiff, where no evidence was offered of external injuries or internal lesion, and the physicians called by the plaintiff could not testify that the tuberculosis of which the plaintiff was suffering at the time of the trial was the result of the accident.

Argued Dec. 16, 1909. Appeal, No. 207, Oct. T., 1909, by plaintiff, from judgment of C. P. No. 2, Phila. Co., March T., 1907, No. 3472, on verdict for plaintiff in case of Adeline S. Moss v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SULZBERGER, P. J.

At the trial the case practically turned upon the question whether the plaintiff was entitled to recover damages for tuberculosis of which she was suffering, and which she al-

leged was due to the injury sustained at the time of the accident.

The court charged in part as follows:
[The evidence as to tuberculosis, given by a perfectly able and competent expert, is this: that he has had large experience, and he detailed the first-class institutions in which he got it; that he would be all right in saying that his personal observation of tuberculosis of the lungs comprehended at least a thousand cases; and that of all those thousand cases he could only remember five that were traceable to injury or trauma; that, moreover, according to the common consent of the medical profession, pulmonary consumption is due to the presence in the body of a destructive, minute organism called the tubercle bacillus; that in nearly all the cases that tubercle bacillus inhabits the system or is drawn from the outside; and that in some cases the tubercle bacillus finds its room for activity when the system is weakened by another cause and its power of resistance is impaired. Then, what becomes of his figures of five in a thousand? Give them an even chance, two and a half of those cases that were produced by trauma, were cases of people who already had the tubercle bacillus in them, which were made active by trauma, and the other two and a half were cases in which the constitution suffered. We do not need to cut it so fine. I charge you as a matter of law that the evidence of a possibility of five cases in a thousand, is not evidence in a legal sense; that it would reduce the judgment of the jury to mere conjecture; that mere conjecture is not to be listened to in a court of law; that the lowest form of evidence we recognize, is probability; that conjecture is below the proper standard of probability; that five cases in a thousand is not within the region of probability, but is in the region of conjecture; and that therefore we are not to give her any damages for tuberculosis as being caused by this injury. So that if you find the defendant guilty of negligence, you are limited in your verdict to the ascertaining, first, whether she did experience pain and suffering, and, second, if so, what was the value of the pain and

suffering which she suffered during the next two, three or four weeks in consequence of the shock.]

Verdict and judgment for plaintiff for $300.    Plaintiff appealed.

*Error assigned* was portion of charge as above, quoting it.

*Augustus T. Ashton,* with him *Harry A. Mackey,* for appellants.—It is not necessary that the expert should state that in his opinion the injury in question was actually caused by the accident: Brashear v. Traction Co., 180 Pa. 392; McCafferty v. R. R. Co., 193 Pa. 339; Dickson v. Hollister, 123 Pa. 421; Temme v. Schmidt, 210 Pa. 507.

Cases in which pulmonary tuberculosis resulted from an injury and in which recoveries were sustained are as follows: Hurley v. N. Y. & Brooklyn Brewing Co., 13 Hun. App. Div. (N. Y.) 167; Seckinger v. Mfg. Co., 129 Mo. 590 (31 S. W. Repr. 957).

*Thomas Leaming,* with him *David J. Smyth,* for appellee.

OPINION BY ORLADY, J., April 18, 1910:

The plaintiff recovered a verdict in the court below for $300, and her contention in this court is, that the trial judge erred in restricting the submission of the case to the jury, by directing them not to consider the evidence relating to tuberculosis of which she suffered at the time of the trial, as having been caused by the injury sustained in an accident which occurred on March 4, 1907, and limited her right to recover damages for the pain and suffering necessarily incident to her injuries.    The verdict established the negligence of the company, and the testimony is practically uncontradicted, that at the time of the accident this plaintiff was seated in a crowded car, and immediately in front of her stood her friend, Dr. Moss.    A collision occurred between the car and a wagon on the track, when Dr. Moss was thrown violently against her, his hands striking her on the breast, when as she states it, "I was dazed; I felt pain at chest and heart and se-

vere headache, and I could not stir from the place." The car was stopped and she was removed to her home, where she said she remained in bed for two weeks with severe headache, was weak and nervous.

Two weeks thereafter—March 17—she was married to Dr. Moss; her health continued to be not at all good, and at the time of the trial, on April 14, 1909, she was unquestionably suffering from tuberculosis, having the well-defined symptoms of loss of flesh, night sweats, and the presence of tubercle in the sputum.

The testimony in the case by which it is sought to connect her condition at the time of the trial with the injuries received two years preceding, is very meager and uncertain. An eminent expert who saw her for the first time two months before the trial and a second time two days preceding it, when she exhibited undoubted evidence of pulmonary tuberculosis or consumption of the lungs, testified quite positively in regard to her condition at the time of the trial and that there is no pathological doubt that pulmonary tuberculosis not infrequently follows trauma to the chest. That it is impossible to reduce the proportion of cases to a ratio, but that prominent physicians recognize this as a fact, as occurring in two ways, first, there may be a latent or smoldering focus of the disease in the body—such as a tubercle gland—and which through injury to it, flares up and disseminates or spreads the disease through the system; the other method consists in the damaging or weakening of an organism in general by trauma, so that the tubercle bacillus finds a ready soil in which to grow and cultivate and produce tuberculosis, and further that in this particular case, a physical examination of this plaintiff developed the fact that there was no condition of the glands to indicate a latent tubercular focus, and that the pleuritic condition was so extensive that there must have been a very decided pleuritic inflammation present to cause the amount of thickening and friction sounds which were noticed, but this was only relative and could not be stated definitely. He testified further that medical literature is full of cases of trauma producing pulmonary tuberculosis, and

tuberculosis to other parts of the body, such as surgical tuberculosis in the bones, which is an exceedingly common event, and when asked if in his opinion there were seeds of tuberculosis in the plaintiff at the time of the injury, or that it was merely the degeneration of the system which invited it, he frankly answered that that was purely hypothetical.

The fact that the expert had seen but five positive cases in his personal practice, would not be a sufficient reason for excluding his testimony. Five, or any other reasonable number of cases, definitely established by capable witnesses, might be just as convincing to a jury as a much larger number, and in dealing with matters of this magnitude and delicacy, we are obliged to get our information from the only authoritative source. Learned lawyers may differ from learned doctors on this question, but it being a question of fact to be solved by the jury and not by the court, we can only see to it that the controverted fact is submitted to the proper tribunal under proper instructions.

The difficulty in the plaintiff's case lies in the lack of evidence to trace her present unfortunate condition back to the injury of two years before, as a proximate cause. It is quite unlike the testimony of the experts in Blasband v. Phila. R. T. Co., ante, p. 325, where they "unhesitatingly stated that the relation between the injury as a cause and the present condition of the patient as an effect was obvious, and from the admitted facts in regard to the case, the tuberculosis from which the plaintiff then suffered, was caused by the injury sustained at the time of the accident."

The testimony in relation to tuberculosis was properly withdrawn from the consideration of the jury, not entirely for the reason given by the learned trial judge, but because the testimony failed to connect the alleged cause with the present effect, and the farthest Dr. Salinger would go, was that tuberculosis could follow such a trauma, but he had not seen enough of this patient or have direct knowledge of her medical history to trace the disease to its incipiency with any confidence in his own judgment. Dr. Novick, the physician in charge of the case, had known her for many years, and

while he saw her soon after the accident, frankly stated that the cough of which she first complained did not indicate a tuberculous condition; that he had no suspicion at that time of a tuberculous condition and could not give a date when he first did discover the presence of this disease. There was no evidence of external injury or internal lesion; no breaking of any tissue, or interference with any functional duty; there was severe nervous shock and headache and pain, but without further testimony, it could be nothing more than a mere conjecture to reasonably associate this accident as a proximate cause with the tuberculosis from which she suffered at the time of the trial.

The assignment of error is overruled and the judgment is affirmed.