# Moore *v.* B. F. Sturtevant Company, Appellant.

*Negligence — Independent contractor — Evidence—Contract—Question for jury.*

A contractor to place machinery and erect a smokestack sublet the building of the smokestack to another person. The contract between them was partly in writing and partly oral, and there was a dispute in relation to the oral part of it. A man in the employ of the owner of the property was injured by the fall of material in the building of the stack. In a suit brought by the injured man against the contractor there was evidence tending to show that while the subcontractor furnished men and machinery, the whole control and management of the work was under the charge of the contractor. *Held,* that the case was the jury, and that a verdict and judgment for the plaintiff should be sustained.


Argued April 25, 1910. Appeal, No. 293, Jan. T., 1909, by defendant, from judgment of C. P. Erie Co., Sept. T., 1908, No. 150, on verdict for plaintiff in case of Harry Moore v. B. F. Sturtevant Company. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WALLING, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* were various instructions.

*Louis Rosenzweig,* for appellant.

*Charles P. Hewes,* for appellee.

PER CURIAM, May 24, 1910:

The plaintiff was employed by a paper company in whose plant the defendant had contracted to place ma-

chinery and to erect a smokestack. He was injured by the falling, because of a defective rope, of a large piece of sheet steel used in building the stack. The main ground of the defense was that the work of building the stack had been sublet by the defendant and was done by an independent contractor. The contract with the subcontractor was partly in writing and partly oral and there was a dispute in relation to the oral part of it. The testimony produced by the plaintiff tended to show that while the subcontractor furnished men and machinery, the whole control and management of the work was under the charge of the defendant. This was the pivotal point of the case and the question was necessarily for the jury. The court could not construe the contract as a whole, without deciding the disputed controversy of fact. We find no error in the record.

The judgment is affirmed.