## Strunk v. Keller, Appellant.

*Workmen's Compensation Act—Farmers—Agricultural laborers — Industrial activities — Independent contractor — Liability for compensation.*

A farmer who engages in industrial pursuits which are not a part of his farming operations is liable to such employees under the provisions of the Workmen's Compensation Act for injuries sustained while in the course of their employment. Where a farmer executes a contract for a lumber operation which is not connected with his farming he is not exempted as to such operation from liability under the Workmen's Compensation Act because he is a farmer.

An employer who executes a written contract to do the logging in connection with a lumber operation, is not a subcontractor, where the other party to the contract has nothing whatsoever to do with the employment or the payment of the men employed by the logging contractor, in the execution of the work under said contract. Under such circumstances, the contractor must be considered an independent contractor and the provisions of sections 203 and 302 as defined in section 105 of the Workmen's Compensation Act of 1915 (Act of June 2, 1915, P. L. 736) defining the status of a subcontractor, do not operate so as to relieve him of liability for injuries sustained by one of his employees.

Argued October 26, 1920. Appeal, No. 275, Oct. T., 1920, by defendant, from judgment of C. P. Huntingdon

County, May T., 1920, No. 215, affirming the decision of the Workmen's Compensation Board in the case of Mary Strunk v. Charles Keller.   Before Orlady, P. J., Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

Appeal from Workmen's Compensation Board.   Before Bailey, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the decision of the Workmen's Compensation Board and judgment was entered in favor of the plaintiff for $700.   Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*L. H. Beers,* for appellant.

*W. M. Henderson,* for appellee.

Opinion by Keller, J., March 5, 1921:

The defendant appealed from the judgment of the court of common pleas affirming the decision of the Workmen's Compensation Board, which sustained the referee's award of compensation in favor of plaintiff for the death of her son, John Wallace Strunk.

The referee found that said John Wallace Strunk was killed on March 19, 1919, while hauling logs in the employ of the defendant, who had a written contract to do the logging in connection with a lumber operation of one Alexander; and that Alexander had nothing whatever to do with the employment nor the payment of the men employed by the defendant in the execution of the work under said contract.   Evidence produced at the hearing sustained the findings.

The defendant was an independent contractor, not a subcontractor, as to the logging, and the provisions of

sections 203 and 302, as defined in section 105, of the Workmen's Compensation Act of 1915 (June 2, 1915, P. L. 736), did not operate so as to relieve him of liability for the injury.

Nor can he sustain his claim to exemption from liability on the ground he was a farmer. The Act of June 3, 1915, P. L. 777, provides that the Workmen's Compensation Act of 1915 shall not affect any person who, at the time of injury, is engaged in domestic service or agriculture. When Strunk was killed he was not engaged in agriculture. The logging contract entered into by the defendant was not a part of his farming operations. If a farmer chooses to engage also in outside industrial operations his employees in such outside transactions are within the protection of the Workmen's Compensation Act.

The judgment is affirmed at the costs of the appellant.