# Natalini v. Riefler & Sons, Inc., Appellant.

*Workmen's   compensation—Appeals—Review—Evidence — Law —Act of June 26, 1919, P. L. 642.*

1. Since the Act of June 26, 1919, P. L. 642, the appellate court, in workmen's compensation cases, will inquire and consider only if the evidence is sufficient to support the findings of the compensation authorities, and also if the law has been properly applied.

*Workmen's compensation—Evidence—Finding as to injury.*

2. The finding of the fact of an injury by a referee sustained by the compensation board, and by the court of common pleas, is sufficiently established by the proof, where there is positive testimony of a fall by the claimant, and injury to his back, resulting directly in immediate disability, and continuing without interruption from the time of the fall.

3. In such case, it is immaterial that a physician who examined claimant the day following the accident, discovered merely subjective symptoms, but no outward evidence of injury.

Argued April 12, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 161, Jan. T., 1926, by defendant, from judgment of C. P. Wayne Co., June T., 1925, No. 128, affirming decision of Workmen's Compensation Board, allowing claim, in case of John Natalini v. Riefler & Sons, Inc.   Affirmed.

Appeal from decision of Workmen's Compensation Board, allowing claim.   Before SEARLE, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Walter W. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellant.—A claimant must prove affirmatively, not only an accident in the course of employment, but also must prove an injury and disability, and that the disability was caused by the injury: Gausman v. Pearson, 284 Pa. 348; Mauchline v. Ins. Fund, 279 Pa. 524; McCoy v. Steel Co., 275 Pa. 422; Morgan v. Coal & Iron Co., 273 Pa. 255; Fink v. Axle & Spring Co., 270 Pa. 476; Whelen v. Coal Dock Co., 80 Pa. Superior Ct. 154.

*A. G. Rutherford,* for appellee.—In view of the fact that there is sufficient competent testimony upon which the referee could base his findings of fact, this court will not reverse the referee: Stahl v. Coal Co., 268 Pa. 452; Kerwin v. Express Co., 273 Pa. 134; Rodman v. Smedley, 276 Pa. 296; Smith v. Stoner, 243 Pa. 57.

OPINION BY MR. JUSTICE FRAZER, May 3, 1926:

Plaintiff claimed under the Workmen's Compensation Acts for disability resulting from an injury to his back alleged to have been caused by a fall while engaged in his work.   The referee found plaintiff received injury in the course of his employment and awarded damages on the theory of total disability.   These findings were sustained by the compensation board and the court below, and, since the passage of the Act of June 26, 1919, P. L. 642, we are, in this appeal, merely to inquire and consider if the evidence is sufficient to support the findings and also if the law has been properly applied: Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132, and cases there cited.

Defendant company is engaged in the lumber business at Tanners Falls, Wayne County, and employed plaintiff to cut, saw and split wood.   The latter testified that

while so employed on November 1, 1923, in changing the position of a log he was engaged in splitting, he fell backward injuring himself to such extent as to require the assistance of a fellow workman to place him on his feet. He immediately complained of pain and injury in his back, quit work, went home and related the occurrence to members of his family. The fellow workman engaged with plaintiff at the time testified plaintiff "went to turn over a stick of wood and fell backwards" and hit his back, and "I helped lift him off the ground;" that plaintiff said "it hurt him in the middle of the back," and quit work. The witness went home with plaintiff and "helped him along."

Since that time plaintiff has done no work and contends the injury complained of has considerably aggravated an infirmity previously afflicting him, causing the trouble to extend to other parts of his body, especially his back and an arm not before subject to the ailment. This condition, owing to inability to bend his back and the trembling to both hands, he claims has incapacitated him from engaging in work of any character. The morning following the accident plaintiff saw a doctor and complained of injury to his back. The doctor testified that on examination of plaintiff he found no visible signs of injury but that he complained of pain in the back and that it was sore to the touch. This visit was followed by two others, at which plaintiff was treated for a "lame back." The testimony shows plaintiff had for a number of years been afflicted with a progressive nervous disease known as paralysis agitans, which up to the time of the accident affected one arm, causing that member to tremble and shake, that this condition, however, did not seriously interfere with his ability to work as a wood chopper, and that he had been previously steadily employed at such labor earning from $2.50 to $3.50 per day.

The case is not one where the origin of the ailment or disease which was the immediate result of disability is

uncertain, and may have followed from any of two or more causes, for only one of which defendant would be liable, as was the situation in the cases relied upon by defendant. We have here positive testimony of a fall, and injury to the back, resulting directly in immediate disability, and continuing without interruption from the time of the fall. If the testimony of plaintiff and his fellow workman is believed, and the referee who saw the witnesses and heard them testify was the best judge of their credibility, the mere fact that the physician who examined plaintiff the day following the accident, discovered merely subjective symptoms but no outward evidence of injury, does not require us to reject plaintiff's evidence because not further corroborated by medical testimony. Here, the disability now complained of, namely, the injury to the back and the shaking or trembling of the other arm and hand, immediately followed the fall. No other cause for the sudden breakdown was shown. The nervous disease, with which plaintiff formerly suffered had not seriously interfered with his ability to work, and we find no evidence that the disease, a slowly progressive one, had suddenly reached an acute stage, and that this, rather than the fall, was the cause of plaintiff's disability.

We think the testimony is ample to sustain the conclusion that plaintiff's present physical condition is the result of an injury sustained by him in the course of his employment.

The judgment is affirmed.