## Miller v. Clothier.

*Workmen's compensation—Findings of referee—Appeal to Common Pleas —Questions upon appeal—Carrying on business—More than one business— "Casual in character"—Horse racing—Sport—Business—Temporary employment — Horse jockey — Independent contractor — Averment in petition not denied in answer.*

1. The only questions for the Common Pleas in an appeal from the decision of the Workmen's Compensation Board awarding compensation are whether there is evidence to support the findings of fact, and whether the law has been properly applied.

2. The finding of fact by a referee will not be disturbed if there is competent evidence to support it.

3. Where the evidence in a compensation case was that a dealer in coal also operated a farm where he had a stable of hunting horses, some of which he at times entered in hunt and other races for various prizes, including cash prizes, such evidence is sufficient to sustain the finding of the referee that the owner was carrying on the business of racing horses.

4. Where a professional horse jockey was employed from time to time by an owner of horses to ride horses in races, and was injured while riding on a specific day for which he was employed, the injury occurred in the regular course of business of the employer and the employment was not casual in character.

5. In such case, the fact that the injured employee was regularly employed by another, and that his employment at the time of the injury was only temporary, will not bar him from recovering. Nor will he be barred by the fact that the amount of his wages was not expressly stipulated in the employment.

6. In such case, the jockey was not rendered an independent contractor by the owner's directing him to use his own judgment in handling the horse during the race.

7. The ultimate question is not whether the employer actually exercises control over the doing of the work, but whether he has the right to control. He may leave to the contractor the details of the work, but if he has the absolute power to control the work, the contractor is not independent.

8. Where the employer sets up that the employment was casual in character, and not in the regular course of business, the burden is upon him to show by evidence that such was a fact.

9. "Casual in character" means service which is outside the regular business of the employer.

10. An averment of fact in a petition for compensation, not denied in the answer, will be taken as admitted.

11. While horse racing is a sport, it may, by the conduct of the sportsman, become a business within the meaning of the Workmen's Compensation Law.

Appeal from decision of the Workmen's Compensation Board affirming the finding of the referee. C. P. Delaware Co., March T., 1926, No. 129.

*William Linton*, for appellant; *Lutz, Ervin, Reeser & Fronefield*, contra.

FRONEFIELD, P. J.—Plaintiff seeks, under the compensation law, to recover from the defendant for permanent disability, alleged to have been caused by the fall of a horse which plaintiff was riding for the defendant in a race at

Pottsville, Pennsylvania. The referee found that the plaintiff received his injuries in a casual employment, but in the regular course of the business of the defendant, and awarded compensation for total disability.

The referee's findings were approved by the Compensation Board, and this court is asked to reverse those findings because the defendant claims *(a)* that the plaintiff was an independent contractor with the defendant in the work he was doing when he was injured; *(b)* that his employment was casual in character and not in the regular course of the business of the defendant; and *(c)* that there is no evidence upon which to base the finding of the referee of the amount of the award.

The only questions which we are called upon to determine are whether or not there is evidence to support the findings of fact, and also whether or not the law has been properly applied: Callihan *v.* Montgomery, 272 Pa. 56; Strohl *v.* Eastern Penna. Rys. Co., 270 Pa. 132; Natalini *v.* Riefler, 286 Pa. 301; Cardiota *v.* Cunningham Piano Co., 87 Pa. Superior Ct. 458.

The defendant's real business is a dealer in coal; he also has a farm of 1500 acres near Phœnixville, Pennsylvania, where he has a dairy and a stable of about twenty-five hunting horses, some of which he has entered in hunt and other races for prizes, including cash prizes. This racing by the defendant has been carried on for about twelve years. The plaintiff, who is a professional jockey, had ridden some of defendant's horses in these races and, just prior to his injury, was requested by the defendant's trainer, who has the right from the defendant to hire and discharge jockeys, to ride for the defendant in the races at Pottsville on Sept. 1, 1924. The defendant's trainer put the plaintiff on a horse called "In the Dark," and gave him no instructions how to handle the horse in the race. The plaintiff had ridden this horse in prior races and knew his characteristics. The horse fell in taking a hurdle and permanently injured the plaintiff. There is no question as to the present character of the plaintiff's injuries.

There is no evidence in the case that the defendant, through his trainer or otherwise, took out of the control of the defendant the means or method or manner of his riding the horse, even though he stated to the plaintiff that he was to use his own judgment in riding him. The defendant could have changed his mind in this regard at any time.

"The ultimate question is not whether the employer actually 'exercises control over the doing of the work, but whether he has the right to control. The employer may in fact leave to the contractor the details of the work, but if the former has the absolute power to control the work, the contractor is not independent:'" 14 Ruling Case Law, 67, § 3; 28 Ruling Case Law, 762, § 57.

If such control exists, the person hired is not an independent contractor: Burkett *v.* Van Tine, 277 Pa. 567; Moore *v.* Sturtevant Co., 228 Pa. 399; Colleoni *v.* D. & H. Co., 274 Pa. 319; Gailey *v.* State Workmen's Insurance Fund, 286 Pa. 311.

To relieve a defendant from liability, it must appear from the evidence that the employment was casual in character and not in the regular course of the business of the defendant, and the words "casual in character" "have reference to the engagement to render service, and an implied reference as well to the distinction that naturally arises when the service stipulated for is outside of the regular business of the employer:" Blake *v.* Wilson, 268 Pa. 469.

The referee found as a fact, which was affirmed by the Compensation Board, that the employment of the plaintiff was in the regular course of the defendant's business.

Miller *v.* Clothier.

This finding will not be disturbed if there is competent evidence to support it: Vorbnoff *v.* Mesta Machine Co., 286 Pa. 199.

The fact, in itself, that the defendant was in the coal business is not sufficient to defeat the finding that he was also racing horses as a business. Strunk *v.* Keller, 75 Pa. Superior Ct. 462, decides that a farmer is not exempt from liability to compensation for injury to his helper, who was hurt while working for the farmer in hauling logs for a lumber company: 35 Am. Law Reps. 208.

The testimony discloses that the trainer for the defendant sent three or four horses to a county fair at Pottsville for the races. The defendant had raced horses for about twelve years and had been racing at Pottsville one or two years before. He had about twenty-five horses for hunting, and in the racing season, if it did not interfere with the hunting, the horses were put in the races for a money or other consideration, though most of the races were run, not for a cash prize—the purpose not being for financial gain, inasmuch as the prizes did not compensate the defendant for the care and training of his horses, though if the horses made a profit, the defendant would take it. In the race in which the plaintiff was injured there was a cash prize offered, and in all other races ridden by the plaintiff for the defendant a cash prize was offered. The plaintiff is a professional jockey and was requested by the defendant's trainer to ride in the race at the time he was injured.

From this and other testimony, with the inferences to be drawn therefrom, the Compensation Board approved the referee's finding that the defendant was carrying on the business of racing horses. We cannot say that there is no evidence upon which to base that finding, and it is clear that the plaintiff, at the time of his injury, was engaged in the regular course of that business. Riding the horse is the only way that this kind of a race may be carried on.

The fact that the plaintiff was regularly employed by another and that his employment by the defendant was only temporary is not sufficient to defeat a recovery: Atherholt *v.* William Stoddart Co., 286 Pa. 278; nor will recovery be defeated by the fact that the amount of his wages was not expressly stipulated in the employment: Tarr *v.* Hecla Coal Co., 265 Pa. 519.

It is also urged that horse racing by the defendant is a sport and not a business. We all know that horse racing may be made a business, and with ample evidence the referee, approved by the Compensation Board, found the defendant made a business of it. Marsh *v.* Groner, 258 Pa. 473, and similar cases, therefore, have no bearing on the result here.

The defendant urges, further, that there is no sufficient competent evidence to justify the finding that the plaintiff earned $20 per week immediately prior to his injury, which amount is used as a basis for the award.

The petition upon which the proceedings are based sets forth that the weekly wages of the plaintiff at the time of the accident were over $20. This is not denied in the answer; hence, is taken as admitted: Act of June 26, 1919, § 416, P. L. 662.

It follows that the appeal should be and it is hereby dismissed, the award of the referee sustained by the Compensation Board is affirmed and judgment is hereby entered in favor of the plaintiff and against the defendant under the Act of June 26, 1919, § 427, P. L. 665.

From William R. Toal, Media, Pa.