## Grauf v. Reing et al., Appellant.

Argued November 12, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*George H. Detweiler,* for appellants.

*Oliver Lentz,* for appellee.

OPINION BY KELLER, J., December 13, 1928:

This is a Workmen's Compensation case. We are satisfied that the evidence is sufficient to support a finding that the claimant was injured in the course of his employment. The real question is, in whose employment was he when he was injured, the defendants' or Charles V. Grauf's? Both carried workmen's compensation insurance, so that the claimant is sure of being paid. Which insurance carrier must pay the award depends on whose business the claimant was working when he was injured.

The evidence on this point justified the following findings. Charles V. Grauf was employed by the defendants as caretaker of St. Peter's Catholic Cemetery. He also acted as caretaker of two other cemeteries adjoining St. Peter's. The work in St. Peter's at times was too much for one man and he was authorized to hire assistants whose working time, at forty cents an hour, he paid, being afterwards reimbursed by the Rector of St. Peter's Church for the amounts so paid on handing his account to the Rector. The Rector retained control of the cemetery, gave instructions as to taking care of it and could himself hire assistants or furnish them to Grauf. The claimant was working in the cemetery under this arrangement, assisting Charles V. Grauf, by whom he had been hired, at the time he was hurt.

The Board found that while the arrangement between Charles V. Grauf and the cemetery authorities bore some resemblance to the status of an independent contractor, he "was certainly not such an independent

contractor as would be a stone-mason building or repairing a cement wall, an electric supply man installing lights along a drive or a building contractor erecting a receiving wall or building a green house upon the premises of the cemetery. The work he did, little or much, trivial or extensive, was always and invariably regular business of the cemetery." They accordingly sustained the award of the Referee, holding that the claimant when injured, was in the employ, and engaged on the business, of the defendants, the owners of the cemetery, and not of Charles V. Grauf, as an independent contractor.

There is a clear distinction of fact between this case and those relied on by appellants, Smith v. State Workmen's Ins. Fund, 262 Pa. 286; Simonton v. Morton, 275 Pa. 562; Strunk v. Keller, 75 Pa. Superior Ct. 462; and Brooks v. Buckley & Banks, 291 Pa. 1, in all of which it was held the employer was an independent contractor. It was recognized in the last named case that the City of Philadelphia, instead of Buckley & Banks, would have been liable to the claimant, if the latter had been working for it as a workman or helper under its own foreman or gang boss (p. 5). It is true that it is sometimes difficult to determine whether an owner is employing men to work on its account or has committed the work to an independent contractor. Some arrangements partake of both characters; they are at the border line. But the indicia which clearly mark an independent contractor are wanting in this case, and the Board, the fact finding body, has resolved the questions of fact against these appellants.

We are satisfied that there is evidence to support their findings and that the Board has not erred in applying the law to the facts so found.

The assignments of error are overruled and the judgment is affirmed.