## Warner v. Longstreth, Appellant.

Argued December 14, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*George Wanger,* and with him *Franklin C. Hutchinson,* for appellant.

*Frank R. Ambler,* for appellee.

OPINION BY TREXLER, P. J., March 3, 1933:

Workman's Compensation Case. Longstreth, the defendant, for many years was and still is engaged in farming. In the fall of 1931 the owner of an adjoining farm was about to remove four or five buildings. After a conversation with the superintendent of the farm on which the buildings were and in consequence of what the latter told him, Longstreth put in a bid in competition with others who desired the job and secured the contract, he to receive nine hundred dollars and such lumber from one of the buildings as he desired. He employed three men to tear down one of the buildings and sublet the rest of the contract

to a general contractor. The plaintiff, who was employed by the defendant was engaged with others in tearing down one of the buildings, he fell from the roof and sustained the injuries for which compensation is sought. The claim is resisted first on the ground that defendant was a farmer and not covered by the Compensation Act, and second that the employment was casual in its character. As to the first, if the tearing down of the buildings was merely incidental to the carrying on of defendant's activities as a farmer and connected therewith, although the particular employment in which the servant was engaged at the time of the accident was not strictly speaking farming he might still be regarded as engaged in agriculture. "Agriculture" covers all things ordinarily done by the farmer and his servants incidental to the carrying on of his branch of industry. It, however, requires a very broad application of this theory to hold that the employee in this present case was employed in agriculture when tearing down a building because some of the lumber taken from the building was to be used by the defendant in the repairs of the buildings on his farm. Had his employment been confined to the hauling of lumber intended for use on the farm, it might with greater force be argued that he was engaged in agriculture, but not under the facts here presented.

The second proposition urged by the defendant is that the plaintiff's employment was casual; that being a farmer, the taking of the job of tearing down the buildings was an isolated occurrence temporary in its character and not in the regular course of defendant's employment.

Defendant entered into this new enterprise in competition with others, bidding for the contract and receiving it, no doubt, because he was the lowest bidder. For the time being he ceased to be a farmer in rela-

tion to the matter in hand. He entered into a new line, entirely disassociated with his usual occupation and probably with a view of profit. He had engaged to perform the wrecking of the buildings, employed workmen and was responsible for the whole job, although he delegated part of it to another. There is nothing casual about the matter. There was a definite change of employment for the time being, deliberately entered into. "If a farmer chooses to engage also in outside industrial operations his employees in such outside transactions are within the protection of the Workmen's Compensation Act": Strunk v. Keller, 75 Pa. Superior Ct. 462, 464.

We all think that the plaintiff is entitled to compensation.

The order of the lower court is affirmed. Appellant to pay the costs.