## McLaughlin v. Penn Anthracite Mining Company, Appellant.

Argued March 4, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Wm. A. Skinner,* for appellant.

*Carlon M. O'Malley,* and with him *William P. Farrell,* for appellee.

Per Curiam, March 13, 1935:

The following excerpts from the succinct opinion by Judge Leach contain all that need be said in support of the judgment of the court below:

"Claimant's husband, the decedent, was working for defendant company and at about 11 P. M. on February 8, 1932 a motor knocked a prop causing lags to fall from the roof of the mine down on the decedent throwing him to the ground. The material was pulled from him and he left his employment immediately. He did not wish to have the accident reported and the doctor who examined him the third day thereafter found no marks upon him, but bound him where he complained of soreness. He visited the doctor several times thereafter and reported for work but was unable to take the chamber assigned to him and on March 4 he was vomiting blood. He grew steadily worse and died July 20 from acute tuberculosis. Before the accident he was a strong, healthy man. The board held that the accident caused his death and his widow is entitled to compensation. Counsel for the defendant argues

that tuberculosis is a germ disease and that there was no indication that he had a latent case which the accident caused to develop. He contends that in view of the fact that the doctor who examined him three days after the accident found no external evidence of injury that this case comes under the rule of Moss v. P. R. T. Co., 42 Pa. Superior Ct. 466; that it is nothing more than a conjecture to reasonably associate [fix] the accident as the proximate cause of the tuberculosis. The mere fact that vitality is lowered by an accident and that a germ disease follows is not sufficient to charge the defendant with the death: Anderson v. Baxter, 285 Pa. 443, 447, [132 A. 358]. We do not believe the above cases control the facts in this case ...... Looking at the situation from a layman's viewpoint the decedent was in sound health and in good condition until he was knocked down and covered by some material that fell from the roof of the mine. The injury, although there was no mark upon him, was sufficient to cause him to quit work although he was anxious to continue at his job, and did not want the accident reported. He grew steadily worse and died. The mere fact that a physician who examined the decedent the day following the accident discovered merely subjective symptoms but no outward evidence of injury, does not prove that the injury was not present and severe: Natalini v. Riefler & Sons, Inc., 286 Pa. 301, [133 A. 547]. From the layman's viewpoint, there would be every reason to connect the accident with the resulting death. The medical testimony corroborates this view.''

The judgment is affirmed.