Dennis *v.* Jarka Corporation et al., Appellants.

Argued October 4, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

George D. Sheehan, with him John Paul Erwin, for appellant.

Elias Magil, for appellee.

OPINION BY WOODSIDE, J., December 28, 1956:

The question in this workmen's compensation case is whether there is any evidence to support the findings of the board, and the referee, that there was a causal connection between the accident suffered by deceased and his death nearly two years later of tuberculosis. The court below thought there was evidence to support the findings. We have searched in vain for it.

James Dennis was employed by the defendant as a longshoreman. On June 25, 1948, while alighting from his employer's truck he fell under its wheel and suffered fractures of his leg, pelvis, and hip, which totally disabled him. For this disability he sought compensation which, after hearing, was awarded to him. He died April 19, 1950. Although an examination at the United States Naval Hospital, approximately five months before his death revealed he was suffering from carcinoma of the esophagus, an autopsy disclosed that he had died of tuberculosis.

His widow, thereupon, filed a fatal claim petition. At the hearing on the petition she called Dr. Frank

Glauser who testified that "the trauma to his chest at the time he was thrown to the ground so weakened the lung that it became a culture meeting virtually for the tuberculosis bacilli which may or may not have existed in this man inasmuch as most of us carry tuberculosis germs with us." It was suggested by the court below, that "These words taken by themselves might support the theory that Dennis died because the accident lowered his resistance to a germ disease, but Dr. Glauser's testimony in its entirety, taken in the light most favorable to the plaintiff, . . ." indicates that "when the lung was struck, dormant tuberculosis germs which were already in the body were stirred up and encroached on the bruised and weakened area." Claimant is not entitled to recover if the only effect of the accident was to lower Dennis's resistance to a germ disease. *Stauffer v. Hubley Mfg. Co.*, 151 Pa. Superior Ct. 322, 30 A. 2d 370 (1943); *Olsweski v. Lehigh Navigation Coal Co.*, 145 Pa. Superior Ct. 193, 20 A. 2d 874 (1941).

Dr. Glauser, the referee, the board and the court below all assumed that Dennis received an injury to the chest. If there is evidence of such an injury the award should be affirmed, but if there is no such evidence it cannot be supplied by sympathy for the plight of the claimant's wife.

A workmen's compensation award, supported by substantial and legally competent proof, has the same weight as a jury's verdict. *Frick v. Pittsburgh School District*, 167 Pa. Superior Ct. 431, 434-5, 74 A. 2d 659 (1950). We must review the evidence in the light most favorable to the claimant, and she is to be given the benefit of inferences reasonably deducible from it. *Lambing v. Consolidation Coal Co.*, 161 Pa. Superior Ct. 346, 54 A. 2d 291 (1947).

There is medical testimony to support the position that the injury to the chest, if there was any, caused

the tuberculosis which resulted in death. Thus the focal point of our inquiry is: "Was there evidence to support the finding that Dennis injured his chest at the time he fell from the truck and was run over by it?"

During his lifetime Dennis testified at the hearing on his claim for total disability, and that testimony was made a part of the record in this case.

He described the accident in his direct examination as follows: "Q. What happened as you were getting off? A. Well, I was getting off the truck on the side and before I land down I told the driver to stop so I can get off. So, before I could get off the truck, the truck start off again and I slipped and that throwed me under the truck and it come across my hip. . . . Q. Yes. Where were you at the moment the truck began to move? A. Oh, I was on the truck. Q. Well, what part of the truck were you on at the moment the truck started off? A. The back wheel of the truck. Q. Near the back wheel? A. Yes. Q. Which, on the left—or the right—hand side? A. The right. Q. And it was while you were getting off that the truck started? A. Yes. Q. Did you have both feet on the ground yet when the truck started? A. No, I had one. Q. Now, after the truck wheel went over your right hip, what happened to you next? A. Well, I didn't know no more at all. I was unconscious then."

The court below suggests that: "Although there is no direct evidence that decedent suffered trauma to his chest, it does not seem unreasonable to conclude that when decedent fell off the truck and it ran over his midsection, he received a blow to all portions of his trunk, including his chest. When decedent was getting off the truck, he was thrown to the ground under it and the rear wheel came across his right hip and broke his pelvis."

There is no direct evidence of an injury to the chest of Dennis. Any such injury must be inferred from the fact that he fell, or from the fact that the wheel of the truck passed over his body. The evidence indicates that when Dennis fell he had one foot on the ground and one foot on the wheel of the truck. It is mere speculation to infer that such a fall produced a contusion of the chest when there is no other evidence of injury to the upper part of his trunk, and no evidence of any complaint at the hospital or to any of his physicians of pain or soreness in the vicinity of the chest until almost a year after the accident.

The evidence shows that the truck passed over his hip. The hospital record shows that after his admission his hip, leg and pelvis were injured, and his abdomen was sore. There is also a notation made six days after the accident that the "area of right arm is dry and has formed a covering." There is no evidence of pain, soreness, or marks upon the chest or upper back. From this evidence can it be inferred that his chest was injured?

The appellee and the court below rely upon *McLaughlin v. Penn Anthracite Mining Co.*, 117 Pa. Superior Ct. 196, 177 A. 502 (1935). In that case a miner was injured February 8, 1932, by falling timber from the roof of a mine, which threw him to the ground. A physician who examined him three days later found no marks upon him but bound him where he complained of soreness. He died of tuberculosis five and a half months later. This Court approved the award of compensation. From the opinion it is not clear what injuries McLaughlin suffered, but an examination of the record shows that he was struck on the shoulder and back and thrown on his "belly", and pinned on his side by falling timber which weighed about seventy-five

pounds, and which had to be removed by two fellow workers before they could get him up. The evidence, therefore, is clear that the deceased received a violent blow to his shoulders and back. The doctor testified in that case, "If something broadside hits a man across the shoulder it can produce a trauma in the lung." Thus, in the *McLaughlin* case there was evidence of an injury to the shoulder and medical testimony that injury to the shoulder can produce a trauma in the lung. This represents a vital difference between evidence relative to an injury to the lung in the *McLaughlin* case and such evidence in this case.

To secure compensation there must, of course, be both an accident and an injury. An injury cannot be inferred simply because there was an accident. *Adamchick v. Wyoming Valley Collieries Co.*, 332 Pa. 401, 410, 3 A. 2d 377 (1938).

In *Harring v. Glen Alden Coal Co.*, 332 Pa. 410, 3 A. 2d 381 (1938), the decedent fell and hurt his side, and died two days later of a heart attack. There was medical testimony that "if" this man received a blow upon the upper abdomen, the blow was a direct cause of his death. There was testimony by the widow that he had a bruise mark on his abdomen after his fall, but no other evidence that he struck his upper abdomen. After this Court and the court below had affirmed the award made by the board and referee, the Supreme Court, in reversing held that there was no competent evidence to support a finding that the plaintiff received a blow to his abdomen as a result of the accident.

In *Hecker v. Shannopin Coal Co.*, 137 Pa. Superior Ct. 581, 10 A. 2d 102 (1939), the decedent while working in a mine, slipped on a rail and fell suffering severe muscle spasm of the lower back. For this injury he was paid total disability until his death. There was

medical testimony that "the injury to his head" caused his death, by a stroke which occurred three months after the accident. An award was made to the widow by the referee and the board, and was affirmed by the lower court. Even though the widow testified that subsequent to the accident her late husband had a lump on his head, this Court held that there was insufficient evidence of any injury to his head to sustain the award.

The death in the case now before us was twenty-two months after the injury. Until after his death it was not known that he had tuberculosis although about a year after the accident he did complain to a physician of pain and soreness in the chest. But the real weakness of the claimant's position is that there is no evidence that the deceased ever suffered a trauma to the chest. Not only is there no evidence of such injury, but there is nothing in the evidence from which it can be fairly inferred.

As much as we sympathize with the claimant whose husband's earnings ceased forever upon the happening of the accident, we cannot permit an award to stand where there is no evidence to support it.

Judgment reversed and here entered for the appellant.

RHODES, P. J., dissents.