Concetta SPINOZZI, Administratrix of the Estate of Anthony Spinozzi, Deceased, Plaintiff, Appellant,

and

Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, Intervenor Plaintiff,

v.

E. J. LAVINO and COMPANY, Defendant and Third-Party Plaintiff (Russell W. MORELLO, Third-Party Defendant).

No. 11900.

United States Court of Appeals Third Circuit.

Argued Dec. 6, 1956.

Decided March 21, 1957.

Rehearing Denied April 30, 1957.

Isadore H. Bellis, Philadelphia, Pa. (Joseph E. Gold, Bellis & Kolsby, Philadelphia, Pa., on the brief), for appellant.

Michael A. Foley, Philadelphia, Pa., for appellees.

Before BIGGS, Chief Judge, KALODNER, Circuit Judge, and KRAFT, District Judge.

KALODNER, Circuit Judge.

Was sufficient evidence adduced at the trial upon which a jury could have found that the defendant, employer of an independent contractor, had retained such control as to make it liable for the negligent death of an employee of the independent contractor?

That is the question presented on this appeal from the judgment of the District Court for the Eastern District of Pennsylvania ordering dismissal of the action after presentation of the evidence with respect to the liability phase of the case. The action was instituted by the plaintiff, Concetta Spinozzi, Administratrix of the estate of Anthony Spinozzi, against the defendant, E. J. Lavino and Company ("Lavino"), to recover damages for the injuries to and death of the decedent caused by the caving in of a trench in which he was working.

The facts, which must be viewed most favorably to the plaintiff, may be summarized as follows:

Lavino contracted with third-party defendant Russell W. Morello ("Morello") [1] to perform certain excavation work at Lavino's plant in Plymouth Meeting, Pennsylvania. Under the terms of the contract Lavino was to be billed on a cost-plus basis.

Morello was to furnish equipment, men and supplies at Lavino's request; he was to perform excavation work pursuant to measurement specifications prescribed by Lavino's field engineer, Hentschell. (Hentschell laid out the trench as to depth, width and length, grades and elevations). Daily time sheets and material reports were to be submitted by Morello for Hentschell's signature.

The decedent, Anthony Spinozzi, was a laborer employed by Morello in the excavation work. He worked under the supervision and control of Morello's foreman. Morello paid Spinozzi and only he had the right to hire and fire him.

On July 1, 1952, the earth wall of the trench collapsed resulting in the death of the decedent who was at the bottom of the trench at the time. The parties have stipulated (1) the accident was caused by the failure to place shoring in the trench; (2) shoring was required by the regulations of the Department of Labor and Industry of the Commonwealth of Pennsylvania,[2] and (3) the violation of these regulations constituted negligence on the part of the party responsible.

Prior to the accident, Morello's foreman discussed the safety of the job with Hentschell specifically mentioning shoring. Hentschell at that time said he would make a recommendation. Shoring is a job to be done by carpenters; Morello had no carpenter on the job. After the accident Morello remained on the job for a month or six weeks, and Lavino ordered shoring to be put up by carpenters under another contract.

Both parties concede, and it is apparent from the record, that Morello stood in the position of an independent contractor.[3] Plaintiff urges, however, that Lavino owed a duty of care to the decedent due to the control it retained over the job, and, as a result of its failure to provide shoring, Lavino should be liable for the harm to decedent.

 It is the general rule that the employer of an independent contractor is not responsible for the misconduct of the contractor while the latter is performing under the terms of the contract. Painter v. Mayor, 1863, 46 Pa. 213; Allen v. Willard, 1868, 57 Pa. 374. The rule is justified on the ground that since the employer does not control the work being performed, he should not be liable for the harm resulting from the substandard performance of the independent contractor. Following this line of reasoning, it is apparent that where the employer has retained some element of control of the job, he should be responsible for the harmful consequences of its performance as a concomitant of the control retained. The Pennsylvania courts

1. Lavino filed a third-party complaint against Russell W. Morello, the decedent's employer, alleging that Morello was an independent contractor and was solely responsible for the injuries and death of the decedent, or jointly responsible with Lavino. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company intervened as a plaintiff to assert its subrogation interest as Workmen's Compensation insurance carrier for Morello. The intervenor-plaintiff in No. 11,906 appealed the judgment of dismissal, and stipulated that the order entered in this appeal shall be determinative of No. 11,906. This case was consolidated for trial with the case of Lee Boney v. E. J. Lavino v. Russell

W. Morello, an action to recover damages for personal injuries arising out of the same accident. In Nos. 11,910 and 11,911 the appeals from the judgment of dismissal in that case are pending, it having been stipulated that the order in this appeal shall be determinative.

2. Regulations for Trenches and Excavations, Department of Labor and Industry (1954 ed.).

3. Cf. Miller v. Merrit, 1905, 211 Pa. 127, 60 A. 508. The criteria which aid in determining whether a person is an independent contractor or a servant are outlined in the Restatement, Agency Sec. 220(2) (1933), approved in Johnson v. Angretti, 1950, 364 Pa. 602, 73 A.2d 666.

have recognized that the employer should be liable where he has retained control of some part of the work, or so interfered with the performance of the job as to have assumed control, and his failure to exercise that control with reasonable care causes harm to others. Pender v. Raggs, 1896, 178 Pa. 337, 35 A. 1135; Stork v. Philadelphia, 1901, 199 Pa. 462, 49 A. 236; McGrath v. Pennsylvania Sugar Co., 1925, 282 Pa. 265, 127 A. 780. It is the jury's function to determine whether the employer retained control so as to make him liable. Moore v. B. F. Sturtevant Co., 1910, 228 Pa. 399, 77 A. 564.

The evidence established that Lavino had its field engineer, Hentschell, on the premises much of the time while the excavation work was in progress, and that Hentschell was actively engaged in supervising and observing the progress of the job. Moreover, as to the question of shoring, Morello's foreman spoke to Hentschell about the safety of the job the day before the accident, and Hentschell said he would make a recommendation. While the testimony of Morello's foreman was not as precise as it might have been, it was sufficient to call for the jury's consideration in view of the other powers exercised by Hentschell. Also, not only was there evidence of control of the work by Lavino prior to the accident, but the evidence also established that after the accident Lavino actually ordered shoring and had it erected by another contractor. An inference of control by Lavino with accompanying duty on its part was for the jury.[4]

The jury could have found either that the full responsibility for the job including shoring was delegated to Morello, or that Lavino had retained enough

control of the job performance above the power of general supervision to impose the duty of shoring upon it.[5]

For the reasons stated the judgment of the District Court will be reversed with directions to proceed in accordance with this opinion.

---

4. While evidence of precautions taken after an accident is not admissible to prove negligence, Baran v. Reading Iron Co., 1902, 202 Pa. 274, 51 A. 979, it is admissible to show defendant's control of the premises. Woodring v. Metropolitan Edison Co., 1933, 108 Pa.Super. 431, 164 A. 921; Brown v. Towanda Borough, 1904, 24 Pa.Super. 378; see Baran v. Reading Iron Co., supra, 202 Pa. at page 286, 51 A. 979.

5. Valles v. Peoples-Pittsburgh Trust Co., 1940, 339 Pa. 33, 13 A.2d 19, and Grace v. Henry Disston & Sons, Inc., 1952, 369 Pa. 265, 85 A.2d 118, cited by Lavino, are inapposite. See Cooper v. Heintz Manufacturing Co., 1956, 385 Pa. 296, 122 A.2d 699.