Margaret E. PETER, Administratrix and Administratrix ad Prosequendum of the Estate of Ralph M. Peter, Deceased, Appellant in No. 15465,

v.

PUBLIC CONSTRUCTORS, INC., and Public Contracting Corporation, Defendants and Third-Party Plaintiffs, and Appellants in No. 15466,

v.

CUNNINGHAM CONSTRUCTION CO., and Reid Construction Company, a Delaware Corp., Third-Party Defendants.

Nos. 15465, 15466.

United States Court of Appeals Third Circuit.

Argued Sept. 26, 1966.

Decided Oct. 21, 1966.

Milton M. Borowsky, Abraham E. Freedman, Borowsky & Lorry, Philadelphia, Pa., Brown, Connery, Kulp & Wille, Camden, N. J., for plaintiff-appellant Margaret E. Peter.

William S. Zink, Camden, N. J. (Bleakly, Stockwell & Zink, Camden, N. J., on the brief), for defendants-appellees and third-party plaintiffs-appellants, Public Constructors, Inc. and Public Contracting Corporation.

Sidney P. McCord, Jr., Haddonfield, N. J. (McCord, Farrell, Eynon & Munyon, Haddonfield, N. J., on the brief), for third-party defendant-appellee, Reid Construction Co.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This wrongful death action is the aftermath of the accidental drowning of a workman in navigable water of the Delaware River within the State of Pennsylvania.

The Delaware River Joint Toll Bridge Commission, a public agency, hereinafter designated as "the Commission" proposed to demolish a bridge across the Delaware River between Yardley, Pennsylvania and Wilburtha, New Jersey. To this end, the Commission entered into a contract with a private contractor, Public Contracting Corp., hereinafter called "Public", under which the contractor undertook to demolish the structure for $74,500. This contractor in turn entered into a subcontract with Reid Construction Company under which Reid promised to perform the entire demolition operation. The Commission assented to this subcontract with the stipulation, however, that, as between the orginal parties, the Commission's rights and Public's responsibilities under the principal contract should remain unchanged.

At the time of the accident in suit, Reid had demolished the bridge structure from the Pennsylvania shore almost to the center of the stream. As this work progressed Reid built and extended a temporary causeway out from the Pennsylvania shore. This causeway, made of rubble and excavated fill, was some fifteen feet wide. Its surface was, for the most part, just below the surface of the stream. The causeway was used to support equipment, particularly a forty ton crane employed in the demolition work.

The decedent, Ralph Peter, was a skilled workman employed by Reid to operate the crane. The accident in suit occurred while the crane was positioned near the forward end of the causeway and was being used with a dragline to pull down a bridge pier near the center of the river. While the crane was operating in this way, the dragline snagged upon an underwater obstruction causing the crane and its operator to topple into the stream where Peter drowned before he could be rescued.

This action was brought in the District Court for the District of New Jersey by Peter's administratrix against Public which, in turn, joined Reid as a third-party defendant. The case was tried to a jury. After all the evidence had been introduced the court granted Public's motion to dismiss. The plaintiff has appealed.[1]

---

1. To protect itself, Public appealed from the dismissal of its third-party complaint against Reid.

The complaint asserts diversity jurisdiction. In addition, the parties and the trial court all properly agreed that the occurrence of the accident over and in navigable water of the Delaware River made this a maritime tort within admiralty jurisdiction. However, traditional admiralty law, even as liberalized by modern legislation, does not provide a cause of action for the fatal injury of one who is not a seaman in territorial waters of a state. See The Tungus v. Skovgaard, 1959, 358 U.S. 588, 590, 79 S.Ct. 503, 3 L.Ed.2d 524. In these circumstances, the plaintiff has asked the court to borrow and apply the Pennsylvania Wrongful Death Act as a source of the right asserted and the remedy sought by Peter's estate against Public for negligent injury causing death.

Several issues have been raised and contested by able counsel. We discuss only one which, in our view, is dispositive of the case.

Failure to provide life jackets, boats, or some other safety or rescue equipment for workmen who had to perform their duties on or over the river is the only negligence for which Public is alleged to be responsible. Therefore, the question arises whether under the law of Pennsylvania, the state in which this omission occurred and caused harm and the state whose law is relied upon as the source of Public's liability for this fatal injury, Public was under a duty to Reid's workmen to make such provision for their safety. Cf. The Tungus v. Skovgaard, supra; Curtis v. A. Garcia y Cia., 3d Cir., 1957, 241 F.2d 30, 85 A.L.R.2d 1186.

 Since Reid clearly and admittedly was an independent contractor, analysis begins with the general common law rule that an employer is not liable for torts of an independent contractor in the course of work for the performance of which he has engaged the contractor. Silveus v. Grossman, 1932, 307 Pa. 272, 161 A. 362; Restatement, Torts 2d, § 409. However, as this court has recognized, a reservation of control or the exercise of control by the employer over the details of the independent contractor's performance may make the employer liable for negligence in the execution of the work. Spinozzi, etc. v. E. J. Lavino & Co., 3d Cir., 1957, 243 F.2d 80; Jamison v. A. M. Byers & Co., 3d Cir., 1964, 330 F.2d 657; McGrath v. Pennsylvania Sugar Co., 1925, 282 Pa. 265, 127 A. 780. It should be added that this liability creating right of control is something more than the general right of inspection and supervision that an employer normally enjoys and exercises to make sure that he receives from the contractor the benefit or total performance that was bargained for. Sword, Houston Fire & Cas. Ins. Co., Intervener v. Gulf Oil Corp., 5th Cir., 1958, 251 F.2d 829; McDonald v. Shell Oil Co., 1955, 44 Cal. 2d 785, 285 P.2d 902; Moore v. Charles T. Wills, Inc., 1929, 250 N.Y. 426, 165 N. E. 835; Kavalaris v. Cordalis, 1945, 219 Minn. 442, 18 N.W.2d 137.

The present record contains no evidence of actual exercise of control by Public over Reid's performance of the bridge demolition project. Accordingly, the trial court properly found that there was in fact no such exercise of control.

We think it equally clear that, in contracting with Reid, Public did not reserve a right to control the way in which Reid would conduct its operations or any of the details of Reid's promised performance, except for a presently irrelevant contractual provision concerning the brand of cement to be used. Indeed, in argument the appellant has attempted to derive a right to control the manner in which Reid's operations should be conducted, not from Public's contract with Reid, but from the Commission's contract with Public.

 It is true that the principal contract made Public responsible to the Commission for all aspects and details of the demolition job. And, in consenting to the subcontracting of the job to Reid, the Commission stipulated that Public should continue to be fully responsible to it. However, in our view, this is beside the point. Public's continuing responsibility to the Commission might have led it to reserve control over the manner and

detail of Reid's performance of the demolition job. But, for whatever reason, no such reservation was included in the contract between Public and Reid. Absent such a reservation and considering that the entire demolition project was Reid's responsibility under the subcontract, we find no basis for saying that, as between these parties, Public had such authority over the conduct of Reid's work as to provide a basis for characterizing the failure to provide safety equipment for Reid's workmen as negligence on the part of Public.

These considerations lead us to the conclusion that the court below properly dismissed the complaint. We find it unnecessary to consider and we express no opinion upon an alternative basis of decision set out in the detailed oral opinion which the district court announced from the bench in granting the motion for an involuntary dismissal.

The judgment will be affirmed both as a dismissal of the principal claim and as a dismissal of the third-party claim.