## Fink, Appellant, v. Sheldon Axle & Spring Co.

*Workmen's compensation—Injury in course of employment—Connection between injury and disease—Paralysis — Evidence — Experts.*

1. When, in cases under the Workmen's Compensation Act, expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors

to say simply that the ailment in question might have resulted from the assigned cause, or that one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question probably came from the assigned cause.

2. Where it is claimed that paralysis from which a workman suffered was due to a blow on the head received in the course of his employment, and the strongest expert testimony was that it could have been due to such a blow, the evidence is not sufficient to support a finding that the blow caused the paralysis.

Argued April 11, 1921. Appeal, No. 93, Jan. T., 1921, by plaintiff, from judgment of C. P. Luzerne Co., Jan. T., 1920, No. 220, affirming decision of Workmen's Compensation Board sustaining finding of referee in refusing an award, in case of Levi S. Fink v. Sheldon Axle & Spring Co. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart and Schaffer, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board sustaining finding of referee refusing award of claimant. Before Fuller, P. J.

The opinion of the Supreme Court states the facts.

The court sustained the decision of the Workmen's Compensation Board. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Charles M. Bowman* and *Clement B. Wood,* for appellant, cited: Clark v. Coal Co., 264 Pa. 529; Kuca v. Coal Co., 268 Pa. 163.

*Evan C. Jones,* for appellee, was not heard.

Opinion by Mr. Chief Justice Moschzisker, May 9, 1921:

Levi S. Fink filed a petition with the Workmen's Compensation Board, alleging that, on December 18, 1918, while engaged as an employee of defendant company, he met with an injury which caused paralysis on one

side of the body; his claim for compensation was disallowed; this was approved by the board, and, subsequently, by the court below; hence the present appeal.

Plaintiff contends that, as he approached a pair of swinging doors in defendant's establishment, one of them was opened, knocking him down and causing the injuries of which he complains. The referee found there was no "sufficient proof to connect claimant's present [impaired physical] condition with the [alleged] injury." We agree with the court below that this is "merely an awkward statement of the conclusion that claimant's present physical condition was not caused by personal injury through accident as alleged"; but, waiving the question of the conclusiveness of the finding above quoted, we are of opinion the preponderance of the evidence warrants a finding that plaintiff's paralysis was not caused in the manner contended by him and fails to justify one to the contrary.

It plainly appears that, if the door came in contact with plaintiff at all, he was not struck with any appreciable degree of force, as no marks of physical injury appeared, and his eyeglasses, which were unprotected by rims, were still intact, on his nose, after the occurrence. His own doctor testified plaintiff had diabetes before the alleged accident, and suffered from arteriosclerosis; he admitted that, in this condition, the patient was liable to have a stroke any day. This witness also said it requires a severe blow to cause traumatic apoplexy; and, when asked the question—"Now, if this man was examined by a reputable physician, as well as by this man who examined his body, his entire body, in the first aid station, and found nothing, and the man himself says that the only blow he got was a blow on his forehead, which was struck by coming in contact with a door, would you say that blow was sufficient to cause apoplexy, if it did not make any mark?"—he answered "No, sir." Again, when asked, "Now then, finding him on the floor, with absolutely no mark on him, it does not seem

at all likely that he received any blow that would bring on apoplexy?" he made the same reply. The doctor called by defendant testified he examined Fink immediately after the alleged accident and found "No evidence of external injury of any sort." This witness expressed the opinion that, considering plaintiff's admitted physical condition, he was "liable to have an apoplectic stroke at any time." He likewise testified plaintiff's stroke, in the absence of marks indicating a blow of some violence, could not be reasonably attributed to the cause which the latter assigned.

Both the courts and the administrative authorities have, very properly, been most liberal in construing the Workmen's Compensation Law, holding that claims thereunder need not be made out with the same exactness of proof required in suits at common law. It must be understood, however, that when, in cases of this class, expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged.

Here the strongest expert evidence to sustain the claim is that Fink's paralysis "could be due to a blow on the head"; and, as just indicated, this is not enough to justify or support a finding that the blow, or jar, testified to in this case caused the paralysis which afflicts plaintiff.

The assignments of error are overruled and the order of the court below is affirmed.