## McCoy, Appellant, v. Jones & Laughlin Steel Co.

*Workmen's compensation—Evidence—Expert opinion—Causal relation between injury and subsequent disease.*

1. In a workmen's compensation case, if expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that one could have brought about the other.

2. They must go further and testify that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged.

3. Where a workman was injured and subsequently died of diphtheria, no recovery can be had for the death, where the experts fail to state definitely that, in their professional opinion, the disease was the result of the injury.

Argued October 4, 1922. Appeal, No. 40, Oct. T., 1922, by plaintiff, from judgment of C. P. Beaver Co., Sept. T., 1921, No. 149, reversing decision of Workmen's Compensation Board, in case of McCoy v. Jones & Laughlin Steel Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board affirming award of referee. Before READER, J.

The opinion of the Supreme Court states the facts.

Decision reversed. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*William A. McConnell,* for appellant.—If there is evidence to support the findings of the board, then the board's findings of fact are binding on the courts and neither this court nor the court below has any right to reverse such findings: Fink v. Axle & Spring Co., 270 Pa. 476; Kuca v. Coal Co., 268 Pa. 163; Dumbluskey v. C. & I. Co., 270 Pa. 22; Brashear v. Traction Co., 180 Pa. 392; Dickson v. Hollister, 123 Pa. 421.

*William A. Challener,* with him *Reed & Reed* and *F. M. Painter,* for appellee.—No causal connection was shown between the injury and the disease: Fink v. Axle & Spring Co., 270 Pa. 476; Carlin v. Coxe Bros., 274 Pa. 38; Roach v. Lever Co., 274 Pa. 139; Miller v. Dir. Gen., 270 Pa. 330.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 3, 1923:

In this case a workman's compensation claim, the referee found that G. A. McCoy died as a result of in-

juries sustained in the course of employment with defendant company, and made an award to his widow, the plaintiff, for herself and minor child; an appeal was taken by defendant to the compensation board, which affirmed the finding of the referee; on appeal to the court below, the board was reversed and compensation refused; the present appeal by plaintiff followed.

The evidence shows that, prior to his injuries, the deceased was in good health; on January 21, 1920, he fell from the roof of one of defendant's buildings, to the ground; he was at once taken to a hospital, severely bruised in various parts of the body, particularly in the back; it was found that "the transverse processes of three lumbar vertebræ were fractured," accompanied by "partial paralysis of the right side, some internal injuries" and "a condition of shock." The tenth day after McCoy's admission to the hospital, he developed some trouble in his chest, which, at first, seemed to indicate pneumonia; this cleared up, but examinations of his throat revealed the presence of streptococci, and he was given a serum treatment. He died February 11, 1920; on the morning of his death, he coughed up some casts, and, shortly before the end, his trachea was opened and a quantity of membrane removed. A post-mortem examination of the casts and membrane, by a pathologist, disclosed the existence of diphtheria germs, and the physicians and surgeons, who attended him, said that death was caused by diphtheria; their inability to detect this earlier, according to their testimony, was due to the fact that the seat of the disease was in the trachea, with no indication of it in the larnyx.

The board found diphtheria to be the cause of death, and allowed compensation, because, in its opinion, McCoy's "vital resistance was so lowered [by the injuries received] that he could not resist the infection by diphtheria bacilli, which attacked him after the injuries were sustained." The board likewise found that McCoy's "system was so weakened [by] the injuries that he could

not withstand the effect of the diphtheria, and, as a result, his untimely death ensued," adding, "the development of the diphtheria and its final result was, under the circumstances, a natural resultant effect of the injuries."

We state the question here as it was before the court below, is, Is there any evidence in the case on which the findings and award of the board can legally rest?

In Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479, we recently said: "Both the courts and the administrative authorities have, very properly, been most liberal in construing the Workmen's Compensation Law, holding that claims thereunder need not be made out with the same exactness of proof required in suits at common law. It must be understood, however, that when, in cases of this class, expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged."

The court below well states that the testimony presented by plaintiff's physicians is "referable to injuries of any kind whatever, and to any disease"; that "no attempt is made by these witnesses to make any specific application, of the general propositions stated by them, to the facts of this case"; adding, correctly, that the "whole of their testimony......might be transferred from the case before the court to any other case, involving injury of any kind, followed in time by disease of any kind, and be as material, or as immaterial, there as here."

On the other hand, the physicians called by defendant give, in the words of the court below, "no support whatever to the position that the injuries contributed to cause diphtheria, or to affect or hasten its development," and

the written opinion of the impartial medical expert, whose views were officially solicited by the board, is that the patient's injuries "had too uncertain an effect, both in regard to contraction and course of the [diphtheria] to be held responsible for his death."

We agree with the common pleas that the present case "required a careful and specific application, to its facts, of the expert knowledge of the witnesses, in order to give to that knowledge any value as evidence"; and "the requirements of the law could not be met by a mere statement of general principles." As said by the court below, the witnesses did not testify that, "taking into consideration all the attending data, it was their professional opinion the result in question most probably came from the cause alleged"; this very reasonable, judicially established, requirement not being met, we find no error in the order under review.

The order is affirmed.