# McCrosson *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Damages—Disease—Connection of events—Experts —Evidence.*

1. If plaintiff's ability to resist disease is lessened by reason of an accident, this fact may be taken into consideration in determining the amount of recovery, if any; but no allowance can be made for the effect of or expense resulting from a particular disease, occurring after the accident, unless the evidence shows, with reasonable certainty, that the disease was caused by the injury, and there was an unbroken connection in the series of events between the wrongful act and the disease, without any intermediate cause not attributable to the original wrong.

2. The evidence of an expert witness, called to show the connection between the injury resulting from a negligent act and a later disease or death, will be held insufficient unless he testifies that, taking into consideration all the attending data, it is his professional opinion the disease or death did in fact result from the injury.

Argued May 5, 1925. Appeal, No. 4, Jan. T., 1926, by defendant, from judgment of C. P. Del. Co., Dec. T., 1922, No. 1200, on verdict for plaintiff, in case of Mary McCrosson v. Philadelphia Rapid Transit Co. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries.  Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,833.  Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*John B. Hannum, Jr.*, with him *Vernon L. Stover*, for appellant, cited as to damages: Fink v. Axle & Spring Co., 270 Pa. 476; Sullivan v. R. R., 272 Pa. 429; Morgan v. C. & I. Co., 273 Pa. 255; Whelen v. Coal Docket Co., 80 Pa. Superior Ct. 154; Miller v. Director General, 270 Pa. 330; Glasco v. Green, 273 Pa. 353.

*John E. McDonough*, with him *George Green, Jr.*, for appellee, cited: Sullivan v. R. R., 272 Pa. 429; Zimmerman v. Weinroth, 272 Pa. 537; Dumblusky v. R. R., 270 Pa. 22.

OPINION BY MR. JUSTICE SIMPSON, May 25, 1925:

Defendant admits the verdict conclusively determines defendant was guilty of negligence, resulting in plaintiff's injury, and that she was not contributorily negligent.  The court below sustained a verdict in her favor, and defendant appeals, alleging the judgment should be reversed because of certain trial errors affecting the items of damages which might be included in the recovery.

It appears that, some seven weeks after the accident, plaintiff became sick with lobar pneumonia, and was taken to a hospital for treatment.  When the detailed evidence regarding the disease was offered, defendant ineffectually objected thereto, and later unavailingly moved to strike it out, though it did not show the disease had resulted from the accident.  The court below charged the jury that plaintiff was entitled to recover the bill paid by her at the hospital, and, depending on the view

which they might take regarding the medical testimony, they should or should not make plaintiff an allowance for her suffering on account of the attack of pneumonia, and also for the effect it had on her earning power.

In its opinion refusing a new trial, the court below concludes that the evidence above referred to was properly admitted, because we said in Miller v. Director General of Railroads, 270 Pa. 330, 332, "it is sufficient in such cases 'to show; with reasonable certainty that [a disease which follows an accident] was caused by the injury received,' and that 'there was an unbroken connection in the series of events between the wrongful act' and the [disease], without 'any intermediate cause, not attributable to the original wrong.' "

The difficulty with the court's conclusion is that there is no evidence here to justify the application of the principle stated. Only one doctor testified for plaintiff on this branch of the case, and though often asked if the injury caused the pneumonia, he as repeatedly refused to say it did, the limit of his testimony appearing in the following extracts therefrom: "Well, from the results of her injury, of course her general system would be run down, and make her perhaps more subject to pneumonia, if she was exposed, chilled......I can't say that [her lowered condition of resistance left her open to an attack of pneumonia]. It was resistance lessened. If she was exposed, she could take anything to an extent......I couldn't say that the injury caused the pneumonia......I say this, her system was lessened by this accident,......she was more susceptible to the pneumonia from having this accident." Upon the point under consideration, there was no other evidence of equal probative value with that just quoted. It would have justified the trial judge in saying to the jury that, if they believed it, they would be entitled to give due consideration to it, with respect to the general effect of the accident on plaintiff's health, and, perhaps, on her earning power also; but it did not justify proof regard-

ing the pneumonia, nor the submission of its effect or expense, as distinct items of damage, since it wholly failed "to show with reasonable certainty that the disease ......was caused by the injury received." Perhaps the error of the ruling below could not be made clearer than by stating that, under it, the injury being permanent and the resistance lessened, a jury could, without further proof, specifically allow damages for every disease, whether arising seven weeks, seven months, seven years, or any other period after the accident. Probably no one would so contend; certainly plaintiff's counsel did not.

Where, as here, the connection, if any, between an injury and a subsequent disease must be shown by medical testimony, the "reasonable certainty" required to be established, is exactly the same test as specified in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479, and the cases in its train; that is, when "expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged." Judging from some of the records which have reached us since that case was decided, even this plain and easily understood language (based on the essential rule of law that no one can be held liable to answer in damages for that which is not proved to have been caused by him), has been frequently misunderstood. We did not say the evidence must show that the "result in question most probably [might have come] from the cause alleged," but that "most probably [it actually] *came* from" it. What we said required the expert to testify, if recovery was to be allowed, that, in his "professional opinion, the result in question [did]

come from the cause alleged"; and hence, in order to avoid further misapprehension, we now announce that hereafter no consideration will be given to expert testimony on this point, unless it is as explicit as we have stated. Of course, human frailty prevents absolute certainty in this class of cases; but if one, having special knowledge on the subject, cannot, in conscience, say that in his "professional opinion the result in question did come from the cause alleged," there is in fact nothing in the evidence from which a jury, having no such knowledge, could possibly find that it did. This is the exact situation in the instant case, so far as concerns the attack of pneumonia.

The judgment of the court below is reversed, and a venire facias de novo awarded.