# Anderson *v.* Baxter (et al., Appellant).

*Workmen's compensation—Referee's findings—Question of law —Act of June 26, 1919, P. L. 642—Review—Appeals.*

1. Whether a referee's finding that death resulted from an injury, is supported by evidence, is a question of law which the courts may review.

2. Under the Workmen's Compensation Act of June 26, 1919, section 427, P. L. 642, an appeal brings up the entire record, including the evidence, yet the appellate court's reversing powers are limited to a determination of the question whether there is evi-

dence to support the findings, and whether the law has been properly applied to them.

3. Where the appellate court finds that there was not sufficient evidence to sustain a referee's finding that death resulted from the injury, the decision is a matter of law, and the record need not be returned for a further hearing.

4. The record will be remitted, however, when the facts found are not sufficient for a proper decision of the legal question or questions raised by the appeal.

*Workmen's compensation—Injury—Death—Pneumonia—Infection—Opinion of experts—Proximate cause.*

5. Where a workman cuts his hand in the course of his employment and nearly three months afterwards dies of pneumonia, the burden is on the claimant for compensation to establish by expert testimony the relation between the cut and the death.

6. The statement of an expert that he is certainly not prepared to state that the disease resulted from the injury, but that such a result is extremely possible and likely, is not equivalent to an assertion of his professional opinion that in fact it actually did so.

7. It cannot be affirmed as a matter of law that whatever lowers a man's vitality is responsible for any disease which may come upon him.

Argued January 25, 1926. Appeal, No. 142, Jan. T., 1926, by Fidelity & Casualty Co. of New York, insurance carrier, from judgment of C. P. No. 5, Phila. Co., June T., 1925, No. 15683, affirming decision of Workmen's Compensation Board, awarding compensation in case of Blanche Anderson v. Thomas E. Baxter and Fidelity & Casualty Co. of New York. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Appeal from decision of Workmen's Compensation Board which affirmed award of referee. Before SMITH, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Fidelity & Casualty Co. of New York, insurance carrier, appealed.

*Error assigned* was judgment, quoting record.

*William G. Wright,* with him *Robert P. F. Maxwell,* for appellant.—There was no evidence to sustain the referee's finding that the accident contributed to the death of the decedent: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; McCoy v. Steel Co., 275 Pa. 422; McCrosson v. P. R. T. Co., 283 Pa. 492.

The best determination in this case can be found from the comparison of two cases which are placed next to each other in the Supreme Court Reports, namely: Morgan v. C. & I. Co., 273 Pa. 255, and Watson v. Coal & Navigation Co., 273 Pa. 251

*Joseph A. Gilligan,* for appellee, cited: McCrosson v. P. R. T., 283 Pa. 492.

OPINION BY MR. JUSTICE WALLING, February 8, 1926:

While in defendant's employ on September 5, 1924, the deceased, William Anderson, accidentally cut his left hand on a rain spout. It became infected and required medical attention for many weeks, but gradually cleared up so that on October 30th there was apparently no active infection although some swelling, a serious discharge and inability to use the hand. On November 25th, Anderson was stricken with lobar pneumonia, which caused his death four days later; thereupon this claim was presented by his widow. The referee, after hearing, made findings of facts and legal conclusions upon which he awarded compensation, which was affirmed by the workmen's compensation board and court of common pleas; thereupon the defendant insurance carrier brought this appeal.

The controlling question presented is, whether the referee's finding that Anderson's death on November 29th resulted from the injury to his hand on the fifth day of the preceding September, is supported by evidence. In our opinion it is not, and this is a question of

law which the courts may review: Smith v. Philadelphia & Reading C. & I. Co., 284 Pa. 35; Shickley v. Phila. & Reading C. & I. Co., 274 Pa. 360; Callihan v. Montgomery, 272 Pa. 56; Stahl v. Watson Coal Co., 268 Pa. 452. Under section 427 of the Workmen's Compensation Act of June 26, 1919, P. L. 642, 666, an appeal brings up the entire record, including the evidence, yet the appellate court's revisory powers are limited to a determination of the question whether there is evidence to support the findings and whether the law has been properly applied to them: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163; Strohl v. Eastern Pa. Rys. Co., 270 Pa. 132; Callahan v. Montgomery, supra; Roach v. Oswald Lever Co., 274 Pa. 139. Prior to the Act of 1919, above referred to, we were concluded by the facts as found by the compensation authorities, but even then a finding without sufficient evidence was an error of law: McCauley v. Imperial W. Co., 261 Pa. 312. In the instant case the pneumonia was so remote in time from the cut on the hand (eighty-one days) that common observation would suggest no connection between them, and the burden was on claimant to establish it by expert evidence. For this purpose, Dr. Ray Willoughby was called, who treated Anderson's hand and also treated him the first two days of his fatal pneumonia illness; but his testimony went no further than to say: "It is possible to have a pneumococcus infection from any open abrasion; but it is usually an air-passage disease." Dr. Raymond A. Leopold who treated Anderson the last two days of his fatal illness, wrote a letter to the referee, which by agreement was received in evidence, saying, inter alia: "I am certainly not prepared to state that a streptococcus invading organism in the hand had been carried by the blood route and deposited in the lung and there set up a pneumonia; but I can state that such invasion is extremely possible and likely." The letter also states, in effect, that the writer found the deceased two days before his death in a shockingly low state of vital-

ity, which, from the history of the case, Dr. Leopold attributed to the infected hand. He does not state that, taking into account all the attending data, it is his professional opinion the death did in fact result from the injury, or any other expression tantamount thereto. Hence, it was not sufficient under the rule stated in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476; Zimmerman v. Weinroth, 272 Pa. 537; McCoy v. Jones & Laughlin Steel Co., 275 Pa. 422; Mauchline v. State Ins. Fund, 279 Pa. 524; McCrosson v. Phila. Rapid Transit Co., 283 Pa. 492; Gausman v. Pearson Co., 284 Pa. 348, and other cases. In the language of Mr. Justice SCHAFFER, speaking for the court, in Morgan v. Phila. & Reading C. & I. Co., 273 Pa. 255, 258: "In cases such as this, there must be a probable, direct relation shown between the injury and the disease resulting in death, otherwise liability would be fixed by surmise. No such direct relation appears by the record before us." And see Miller v. Director Gen. R. R., 270 Pa. 330. The testimony of an expert that he is certainly not prepared to state that the disease in question resulted from the injury, but that such result is extremely possible and likely, is not equivalent to an assertion of his professional opinion that in fact it actually did so. The instant case is not like that of Jones v. Phila. & Reading C. & I. Co., 285 Pa. 318, or that of Davis v. Davis, Director Gen., 80 Pa. Superior Ct. 343, where plaintiff's claim was strengthened by the natural sequence of events, for here there was no other evidence or circumstance indicating a connection between the injury to the hand and the pneumonia, except that the infection by lowering Anderson's vitality may possibly have rendered him more susceptible to the pneumonia germ and less able to combat the disease; but that is unavailing. To be compensable, under the statute, the injury must be the direct or superinducing cause of the death or disability in question. There is a cardinal difference between lowering vitality and causing pneumonia, which is a germ dis-

ease. It is a matter of common knowledge that a large majority of delicate people with low vitality never contract pneumonia, while those who are robust often do and frequently with fatal results. It cannot be affirmed that whatever lowers a man's vitality is responsible for any disease which may come upon him. See Morgan v. Phila. & Reading C. & I. Co., supra.

The order of the compensation board should have been reversed and the award set aside; but, Should the lower court have remitted the record for a further hearing, and should we now so order? Section 427 of the Act of June 26, 1919, P. L. 642, provides, inter alia (p. 666): "Any court before whom an appeal is pending from any action of the board may remit the record to the board for more specific findings of fact, if the findings of the board or referee are not, in its opinion, sufficient to enable it to decide the question of law raised by the appeal......If such court [of common pleas] shall sustain the appellant's exceptions to a finding or findings of fact and reverse the action of the board founded thereon, the court shall remit the record to the board for further hearing and determination." The referee's conclusion, in effect, that Anderson's death resulted from an accident sustained in the course of his employment, appears both among his findings of facts and his legal conclusions, but, wherever it appears, it is his deduction from the facts and is a legal conclusion. What we here do is not to reverse any finding of fact made by him, but to pass upon the question as to whether his legal conclusion is supported by evidence; as above stated, that is a matter of law, and when disposed of as such the record need not be returned for further hearing: Callihan v. Montgomery, supra. So long as the findings of facts are not disturbed, it is unnecessary for the court to remit the record for a further hearing. It should, however, be done when the facts found are not sufficient for a proper decision of the legal question, or questions, raised by the appeal. We find no necessity for so doing

in the instant case, which seems capable of a proper solution on the record as presented.  Unless there is apparently something omitted which should have been shown, the mere fact that the evidence fails to support the claim does not require a remission of the record.  We have sometimes remitted the record in cases of this class for a further hearing or for a more complete finding of the facts; but in many instances have not found it necessary to do so.

The judgment is reversed and the award of the referee, as approved by the workmen's compensation board, is set aside.