McCoy *v.* Spriggs, Appellant.

Argued April 20, 1931. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Wallace S. Gourley,* and with him *Dickie, Robinson & McCamey* and *Harry F. Moore,* for appellant.

*R. W. Knox,* for appellee.

OPINION BY BALDRIGE, J., July 8, 1931:

This appeal is from the action of the lower court in sustaining an award in a workmen's compensation case and involves one question: Was the testimony sufficient to show a causal relation between the accident and the death?

The learned court below comprehensively stated the underlying facts, as follows: "The deceased was a carpenter and an employee of appellant. On April 24, 1928, he and two other carpenters were engaged as employees of appellant in the laying of a floor at the Hillsview Sanitarium, at Washington, Pa. About lunch time, at 11:55 a. m., the deceased had measured a board to be put in a floor and walked across the room with this board and his hand saw to a keg on which he intended to saw the same. Close by the keg, one of the other carpenters was down on one knee, placing boards in the floor. McCoy (the deceased), when he came up to the man, laid one end of this board, which he was carrying, against this man's knee and said: 'Is there anything I can do for you?' The man replied, 'Take that board off my knee.' The deceased dropped the board. The other man jumped to his feet. They immediately engaged in a friendly wrestling match. Deceased threw this other man to the floor, and shortly thereafter, while they were still scuffling, deceased rolled over on his back unconscious. In a short time he was dead. The cause of death was a rupture of a blood vessel at the base of his brain, i. e. apoplexy."

The compensation authorities refused to adopt the contention of the defendant that death was due to a

natural cause which overtook the deceased at work, and held that it was due to an accident, the result of overexertion occurring in the course of the deceased's employment, and allowed compensation: Skroki v. Crucible Steel Co., 292 Pa. 550. The award was sustained by the learned court below. There is no serious contention that the sportive contest broke the course of employment (Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454), or that overexertion may not be an accident, compensable under the statute: Samoskie v. P. & R. C. & I. Co., 280 Pa. 203; Calderwood v. Consol. Lumber & Supply Co., 91 Pa. Superior Ct. 189.

The physician called testified that death was due to a rupture of the blood vessel at the base of the brain. He did not state the cause thereof, but, in answer to the question as to the various causes of a rupture of a blood vessel, stated, "Well, unusual exertion will raise the blood pressure and raise it sufficient to cause a rupture of the vessel. This is the only thing I know in this case." This medical testimony in itself was not sufficiently definite to sustain an award: Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 479; McCrosson v. P. R. T. Co., 283 Pa. 492; Varner v. Lorain Steel Co., 96 Pa. Superior Ct. 336. This is not a case, however, where expert testimony must be relied upon to show the connection between the alleged cause and a certain result, as in Fink v. Sheldon Axle & Spring Co., supra, but comes within the line of cases which holds that expert testimony is not necessary where death is so immediately and directly, or naturally and probably, the result of the accident: Davis v. Davis, 80 Pa. Superior Ct. 343. There was no testimony that the deceased had been ill. His eagerness, or at least his willingness, to enter into a physical combat strongly indicates that he was not suffering from any physical discomfort and that death was not due to natural causes. True, Dr. Ramsey did testify

that deceased had diseased sclerotic blood vessels which made them more susceptible to rupture, but that fact does not defeat a right to compensation: Clark v. Lehigh Val. Coal Co., 264 Pa. 529. It is a matter of common knowledge that wrestling requires unusual exertion, which, the doctor testified, increases the blood pressure, which, in turn, may result in a rupture of a blood vessel, and, as here, cause death. The physical strain and death immediately following present an intimate relation between the cause and effect of the cerebral hemorrhage: Calderwood v. Consol. Lumber & Supply Co., supra; Honis v. Coxe Bros., 95 Pa. Superior Ct. 209; Utzman v. Penna. Rubber Co., 96 Pa. Superior Ct. 463; Murphy v. P. & R. C. & I. Co., 98 Superior Ct. 108; Flour v. P. R. R. Co., 99 Pa. Superior Ct. 170.

The evidence is not so conjectural or so conflicting as to warrant the conclusion that death was not due to an accident in the course of employment, as contended by the appellant. In our view, the award was supported by sufficient competent testimony.

Judgment is affirmed.