FRANK MARRA CO., Inc., et al. v. NORTON, Commissioner, et al.

No. 6341.

District Court, E. D. Pennsylvania.

Aug. 7, 1931.

Wm. T. Campbell, of Swartz & Campbell, of Philadelphia, Pa., for complainant.

H. B. Bornemann and William A. Gray, both of Philadelphia, Pa., for claimant.

DICKINSON, District Judge.

The sole question raised is that of whether there was evidence to support the finding of the commissioner that the employee who figured in this case died in consequence of injuries he had received in the course of his employment or whether his death was due to what are usually termed natural causes.

We have been favored in this case with an exceptionally helpful argument and brief on behalf of the complainant. The facts are faced in a spirit of noteable fairness, and the argument addressed to us has been clearly and forceably presented. It leaves us, however, unconvinced of any error in the findings of the commissioner. It is to be noted that the finding, of which complaint was made, is solely one of fact. Counsel for complainant not only faces the ordinary rule which he frankly accepts in all its fullness, but faces also the policy which underlies the act of Congress to expedite the decision of all questions arising under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950). The argument addressed to us is based upon the proposition that fact findings must have support in evidence, and those without evidentiary support cannot be accepted.

The further proposition which bears the brunt of the argument is to the effect that the cause of a death is within the peculiar province of expert opinion and that a finding must have as one of its supports the testimony of an expert. It is urged that the finding of the cause of death in this case is without such support, inasmuch as the expert testimony was not that the death was due to injuries received in the course of employment, but merely that it might have been so due. In this view, the death may have resulted from any one of two or more causes, one of which was traumatic. If the testimony of the experts were all the evidence in support of the fact finding made, it is clear that it would give equal support to any one of several different findings. There was, however, other evidence. An acceptance of the argument addressed to us would closely approach the proposition that no finding of a cause of death can be made which does not have the support of expert opinion. This latter proposition we cannot accept. Whenever opinion evidence is admissible, the opinion of an expert is evidence, but it is in itself nothing more. It may be convincing or unconvincing. It may in itself be all sufficient to support a finding, but it does not follow that a finding may not be made without it. To hold otherwise would be to rule in effect that it is not for the fact finding tribunal, but for the experts, to find the cause of death.

It is true that, when "expert testimony is relied on to show the connection between an alleged cause and a certain result, it is not enough for the doctors to say simply that the ailment in question might have resulted from the assigned cause, or that the one could have brought about the other; they must go further and testify at least that, taking into consideration all the attending data, it is their professional opinion the result in question most probably came from the cause alleged." The words we have quoted are from the opinion of Chief Justice Von Moschzisker, in Fink v. Sheldon Axle & Spring Co., 270 Pa. 476, 113 A. 666, 667, upon which plaintiff relies to buttress his argument. This affords us an illustration of the truth that judicial utterance must be read in the light of the subject-matter to which it is addressed. It is of course true that, when the cause of a death is sought to be established by evidence to be found in the testimony of experts, the expert opinion must be that the stated cause was the cause of death, not merely that it was one of two or more causes. An understanding of the doctrine laid down in the cited case is to be found in the phrase that, whenever "expert testimony is relied on," it must go to the length indicated. In the instant case, there was no such reliance. The opinions of experts were elicited merely to supplement the other evidence in the case. If the testimony did not go to the length required of it, what follows is, not that the finding of the cause of death could not be made, but the finding was without the support of expert testimony. In consequence, we have a question of fact to be found without this aid. The commissioner found the

fact, and we find that there was not merely evidence to support the finding, but we do not see how the commissioner could have escaped making the finding which he did make. In this statement, we are assuming that there was no expert testimony.

An appropriate decree dismissing the bill and affirming the findings of the commissioner may be submitted.