Dell *v.* State Workmen's Insurance Fund et al.,
Appellants.

Argued April 15, 1935.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Ralph H. Behney,* with him *Charles J. Margiotti,*
Attorney General, and *A. L. Edwards,* Deputy Attorney
General, for appellants.

*J. R. Irwin Knox,* for appellee.

OPINION BY RHODES, J., July 18, 1935:
This is an appeal from the judgment of the court

of common pleas in a workmen's compensation case. The referee found that the claimant had permanently lost the industrial use of his right eye, and made an award. The Workmen's Compensation Board affirmed the referee and sustained the award. The court of common pleas affirmed the board and entered judgment upon the award made by the referee. The only question raised by this appeal is whether there was competent evidence to support the finding of the referee of a causal connection between the claimant's loss of the industrial use of his right eye, and an accident in the course of his employment.

The claimant was engaged by the McClane Mining Company, and, while employed in digging coal, was struck in the right eye by a piece of coal. Two small particles penetrated and remained in the cornea. Directly after the injury, the claimant went to the mine doctor who was unable to remove these particles of coal. The following morning the two particles were removed by one who was not a medical doctor. At that time the eye was highly inflamed. The claimant was then treated for some time by a specialist. The eye gave him continual pain from the time of the injury. Since this accident the claimant did not suffer any other eye injury, nor did his eye hurt him previous to the accident. The claimant returned to work for three or four months, during which time the sight of his eye became so defective that he could not continue (the left eye having been destroyed in 1921, as the result of a shooting accident). The loss of vision progressed steadily until almost a total loss of sight resulted. The accident in question occurred on November 27, 1928.

Claimant received compensation for about two weeks and executed a final receipt. On April 4, 1932, he filed a petition for reinstatement of his compensation

agreement, alleging that the use of his right eye was lost as the result of the injury on November 27, 1928.

Dr. McCullough, an eye specialist, who treated the claimant the day after the injury, and at different times thereafter, was called for the purpose of showing that the present eye condition was the result of the accident. His testimony shows that he found a corneal abrasion and a contusion of the eyeball; that the present loss of sight was caused by a hole in the macula; that the cause, or usual cause, of a hole in the macula is a blow to the eyeball; that he discovered this condition approximately one year and eight months after the date of the injury; that the usual time in which a hole in the macula develops, after a blow on the eye, is from one and a half to two years; that no other disease of the eye caused the hole in the macula with the resulting loss of vision; that there was no other evidence of any further injury to the eye since it was struck by the piece of coal.

When asked whether or not, in his professional opinion, the claimant's loss of vision in the right eye resulted from the accident, Dr. McCullough stated: "It might be responsible for the condition that later developed in a hole in the macula ...... All I can say that it is logical to believe that with an injury of that type, that the condition that he suffers from at the present time could have been caused by that type of an accident—whether it was the direct result of that particular accident I do not know but I do know that this condition may be caused by the type of an injury he claims." All the other expressions of opinion by the doctor on this question were no stronger than that the accident could have caused the present eye condition. This testimony of Dr. McCullough did not come up to the requirements laid down in Waleski v. Susquehanna Collieries Co., 108 Pa. Superior Ct. 342, 164 A. 355; Fink v. Sheldon Axle & Spring Co., 270 Pa.

476, 113 A. 666; McCrosson v. Philadelphia Rapid Transit Co., 283 Pa. 492, 129 A. 568; Vorbnoff v. Mesta Machine Co. et al., 286 Pa. 199, 133 A. 256. If claimant depended solely upon expert medical testimony to support his claim that his condition was the result of the accident, "the witness would have to testify, not that the condition of claimant might have, or even probably did, come from the accident, but that 'in his professional opinion the result in question came from the cause alleged' ": Vorbnoff v. Mesta Machine Co., supra, 206.

The appellant claims that this is one of those cases where there is a serious question as to whether the disability is the result of the accident, and that the finding of the referee cannot be sustained without unequivocal medical testimony to that effect.

We are of the opininon that claimant's case does not depend entirely upon the expert testimony. From all the evidence, the conclusion, that the cause of the claimant's eye condition was the injury which he suffered, was justified. The claimant was able to work and had no trouble with his right eye prior to the accident and the resultant injury. After the injury there was continual pain and gradual loss of vision, and the defective condition appeared within the usual time following such injury. The claimant suffered no other eye injury and had no disease thereof which causes loss of sight. We think the facts of the case show that the claimant's loss of vision in his right eye is the natural and probable result of the accident; and the fact-finding body may be permitted to so find, even in the entire absence of expert opinion. See Davis v. Davis, 80 Pa. Superior Ct. 343; Grobuskie v. Shipman Koal Co., 80 Pa. Superior Ct. 349; McCoy v. Spriggs, 102 Pa. Superior Ct. 500, 157 A. 523; Mohr v. Desimone and Sayers, 110 Pa. Superior Ct. 44, 167 A. 504; Kucinic v. United Engineering & Foundry Co., 110 Pa.

Superior Ct. 261, 168 A. 344; Hanlon v. Gulf Refining Co. et al., 115 Pa. Superior Ct. 315, 175 A. 724.

There was sufficient competent evidence to establish causal relation between the accident and the eye condition of the claimant. The findings of fact by the compensation authorities are therefore conclusive.

The assignments of error are overruled, and the judgment of the lower court is affirmed.