Bunnell *v.* State Workmen's Insurance Fund et al., Appellants.

Argued October 26, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*S. H. Torchia,* with him *Charles J. Margiotti,* At-
torney General and *John T. J. Brennan,* for Appellants.

*Davis R. Hobbs,* for appellee.

OPINION BY RHODES, J., December 11, 1936:

This is a workmen's compensation case; and the only
question involved is whether there is legally competent
evidence to sustain the referee's findings that there was
a causal connection between the accidental injury which
the husband of the claimant suffered on June 23, 1930,
and his death from pneumonia on February 12, 1933.
The referee found for the claimant, and his award was
affirmed by the board and the court below. Defendant
insurance carrier has appealed.

The testimony upon which the referee found that de-
ceased's death resulted from an injury to his back may
be summarized as follows:

The deceased at the time of the injury was seventy-
two years of age, and in average health for a man of
his years. From the time of the accident until his
death he was not able to work, and suffered a gradual

general decline. During that period he received compensation for total disability. He was able to be up and around until February 4, 1933, on which date he complained of illness and went to bed. Except for a day or two of temporary recovery, his condition gradually grew worse, and he died on February 12, 1933, of lobar pneumonia.

Dr. Kenneth Taylor, who treated him during his last illness, testified that the deceased's symptoms were those of fever, pain in the right side, chills, and general malaise; that he suffered from an acute active congestion; and that his death was due to lobar pneumonia, an acute inflammation of the lung due to infection. Dr. Taylor further testified that the injury suffered by the deceased on June 23, 1930, "made him more susceptible to any acute infection due to lack of proper resistance"; and that at his age the deceased could have died of pneumonia without ever having been subjected to any trauma whatever.

Dr. Frank J. Austin, a witness for the claimant, testified that he was an eyewitness to the accident in June, 1930, and had treated deceased for the resulting injuries. He described his injury as a very bad sprain of the back. Dr. Austin also testified as follows: "Q. Will you say or will you not that in your professional opinion the accident and the gradual decline from that time on superinduced this pneumonia? A. It was quite apt to."

Dr. W. C. Stiff was called for the defense, and testified that he did not believe that the accident contributed to the cause of death, but that the age of the deceased was the greater factor in his death from pneumonia.

Appellee's position is stated in his brief as follows: "The testimony ...... upon which we rely for support of the findings of the Referee and Board, is that of Dr. Kenneth Taylor, who ...... testified as follows: 'Q. I withdraw that question. I will frame the question from the evidence. Assuming that Walker Bun-

nell was injured in 1930 and from that time entered upon a gradual decline ending with his death on February 12, 1933, would you say that the injury and the decline incident thereto superinduced his death? A. I would say predisposed it. I don't know just what you mean by superinduced. Q. You say it predisposed him? A. Yes sir. Q. What do you mean by predisposed? A. Made him more susceptible to any acute infection due to lack of proper resistance.' "

It is apparent from the testimony, which shows that the back injury occurred nearly three years before deceased was stricken with lobar pneumonia, that the instant case is not controlled by those cases which hold, in effect, that, where the injury or death is immediately and directly, or naturally and probably, the result of the accident, the connection between them does not depend solely on the testimony of professional or expert witnesses;[1] but the burden here is on the claimant to establish causal connection by expert testimony.[2]

---

[1] *Davis v. Davis, Director General,* 80 Pa. Superior Ct. 343; *Grobuskie v. Shipman Koal Co.,* 80 Pa. Superior Ct. 349; *Utzman v. Pennsylvania Rubber Co. et al.,* 96 Pa. Superior Ct. 463; *Fillman v. W. H. and L. C. Wolfe,* 100 Pa. Superior Ct. 306; *McCoy v. Spriggs,* 102 Pa. Superior Ct. 500, 157 A. 523; *Bontempt v. Suburban Construction Co.,* 107 Pa. Superior Ct. 258, 163 A. 46; *Loeffler v. Western Electric Co.,* 107 Pa. Superior Ct. 326, 163 A. 322; *Mohr v. Desimone and Sayers,* 110 Pa. Superior Ct. 44, 167 A. 504; *Kucinic v. United Engineering and Foundry Co. et al.,* 110 Pa. Superior Ct. 261, 168 A. 344; *Blackwell v. Dahlstrom Metallic Door Co. et al.,* 111 Pa. Superior Ct. 93, 169 A. 394; *Hanlon v. Gulf Refining Co. et al.,* 115 Pa. Superior Ct. 315, 175 A. 724; *McLaughlin v. Penn Anthracite Mining Co.,* 117 Pa. Superior Ct. 196, 177 A. 502; *Dell v. State Workmen's Insurance Fund et al.,* 118 Pa. Superior Ct. 541, 179 A. 889; *Lackner v. Pierre, Inc. et al.,* 120 Pa. Superior Ct. 50, 181 A. 845; *Witt v. Witt's Food Market et al.,* 122 Pa. Superior Ct. 557, 186 A. 275.

[2] See *Fink v. Sheldon Axle & Spring Co.,* 270 Pa. 476, 113 A. 666; *Morgan v. Philadelphia & Reading Coal & Iron Co.,* 273 Pa. 255, 116 A. 891; *McCoy v. Jones & Laughlin Steel Co.,* 275

The question which therefore arises is whether the medical testimony, offered by claimant to establish causal connection, meets the required standard. Whether there is such legally competent evidence is a question of law. *Anderson v. Baxter et al.,* 285 Pa. 443, 132 A. 358; *Loeffler v. Western Electric Co.,* 107 Pa. Superior Ct. 326, 163 A. 322.

Dr. Taylor, who was the most favorable medical witness for the claimant, did not express any definite professional opinion that the death of the deceased from lobar pneumonia resulted, in fact, from the back injury sustained nearly three years previous thereto.

While the injury was to the back of the deceased, his death was from a germ infection of the lung, and there is no obvious relation between them (see *Loeffler v. Western Electric Co.,* supra, 107 Pa. Superior Ct. 326, 332, 163 A. 322, 324); nor does the testimony of Dr. Taylor show any probable, direct relation between the injury and the disease resulting in the death of the deceased (see *Anderson v. Baxter et al.,* supra, 285 Pa. 443, 447, 132 A. 358, 359).

Dr. Taylor's testimony is that the back injury made the deceased more susceptible to infection due to lack of proper resistance. We may conclude that deceased's vitality was lowered by the injury, and that he thereby became more susceptible to infectious disease; but there is no medical testimony whatsoever that the injury to the deceased was the direct or superinducing cause of his death from pneumonia, and as said in *Anderson v. Baxter et al.,* supra, 285 Pa. 443, at page 448, 132 A. 358, at page 359: "It cannot be affirmed that whatever lowers a man's vitality is responsible for any disease which may come upon him."

The injury may have contributed to the gradual de-

Pa. 422, 119 A. 484; *McCrosson v. Philadelphia Rapid Transit Co.,* 283 Pa. 492, 129 A. 568; *Anderson v. Baxter et al.,* 285 Pa. 443, 132 A. 358; *Saroka v. Philadelphia & Reading Coal & Iron Co.,* 87 Pa. Superior Ct. 503.

cline of the deceased at his age; it may have lowered his vitality and resistance; he may have become thereby more susceptible to infection; nevertheless, there must be a direct expression of. professional opinion that deceased's death from lobar pneumonia came, or did in fact result, from the remote accidental injury to his back. See *McCoy v. Jones & Laughlin Steel Co.*, 275 Pa. 422, 119 A. 484. It is not possible to construe the statement of any one of the physicians who testified as meeting this requirement. See *Varner v. Lorain Steel Co.*, 96 Pa. Superior Ct. 336; *Waleski v. Susquehanna Collieries Co.*, 108 Pa. Superior Ct. 342, 350, 164 A. 355, 357; *McCrosson v. Philadelphia Rapid Transit Co.*, 283 Pa. 492, 129 A. 568; *Johnston v. Payne-Yost Const. Co. et al.*, 292 Pa. 509, 515, 141 A. 481, 483. The record is barren of any legally competent evidence to support the findings of the referee on which the award rests.

Judgment is reversed, and the award of the referee as approved by the workmen's compensation board is set aside. (*Anderson v. Baxter et al.*, 285 Pa. 443, 449).