Opinion by
 

 Keller, P. J.,
 

 The claimant’s husband, on December 11, 1936, while in the course of his employment with the defendant coal company fractured his right hip. He was taken to a hospital and treated there until February 28,1937, when he was discharged and driven to his home, a couple of miles distant. Three days later he was taken back to the hospital suffering from lobar pneumonia, of which disease, complicated by pleurisy, he died there on March 7, 1937.
 

 The proceedings following the filing of a claim for compensation were lengthy and somewhat complicated. They would have been simplified if the referee and the board had made distinct findings of basic facts, instead of including in the findings a recital of what the physicians had testified to. A review of the testimony may be properly included in the preliminary
 
 discussion
 
 of the case, but it has no place in the findings of fact.
 

 The real matter at issue was whether there was a causal connection between the injury to the employee and his death from pneumonia.
 

 
 *330
 
 The referee,, after stating in three long findings of fact a resumé of what the doctors had testified to, which “findings” were not wholly consistent, continued:
 

 “8. We find as a fact from the medical testimony in this case that the injury sustained by the decedent on December 11, 1936 and his subsequent confinement in the hospital, so lowered his vitality that he became susceptible to the pneumonia germ and less able to combat the disease.”
 

 He also found as a fact, [10th finding], what was really a conclusion of law, “That under the decisions heretofore referred to
 
 [Bunnell v. State Workmen’s Ins. Fund,
 
 124 Pa. Superior Ct. 171, 188 A. 411;
 
 Anderson v. Baxter,
 
 285 Pa. 443, 132 A. 358;
 
 Fink v. Sheldon Axle & Spring Co.,
 
 270 Pa. 476, 113 A. 666] we find there is no legally competent evidence establishing a causal connection between the accidental injury sustained by the deceased' on December 11, 1936 and his death from pneumonia oh March 7, 1937,” and disallowed compensation.
 

 The claimant appealed to the board, which after a discussion of the cases above cited, in connection with
 
 Kelly v. Watson Coal Co.,
 
 272 Pa. 39, 115 A. 885, returned the case to the referee to take the testimony of Dr. Leopold Yaccaro, an impartial expert appointed by the board.
 

 , Following the taking of Dr. Yaccaro’s testimony and that of several physicians called by the defendant — as was permitted by the order of, the board — the referee made no changes in his findings of fact because of Yaccaro’s testimony. His
 
 findings of fact
 
 were substantially the same as when he had disallowed compensation. But he changed his conclusions of law to accord with the discussion of the board, and awarded compensation to the claimant, on behalf of herself and two minor children.
 

 
 *331
 
 The findings of fact, in addition to the resume of ;the medical testimony, which the referee first held were not sufficient to show a causal connection between the accidental injury to the employee and his death, and following the second hearing held that they were sufficient, were:
 

 “7. From the preponderance of medical testimony in this case, we are of the opinion and so find as a fact that the Deceased died of lobar pneumonia which is admitted to be a germ disease......
 

 “9. We find from the medical testimony in .this case that the injury sustained by the Decedent on December 11,1936 and his subsequent confinement in the hospital so lowered his vitality that he became susceptible to the pneumonia germ and was less able, on account of said lowered vitality, to combat the disease.” ■ - ■
 

 The defendant appealed to the board, which modified the ninth finding of fact so as to read: . •
 

 “Ninth. We find from the medical testimony in this case thát the injury sustained- by the- decedent on December 11, 1936, and his subsequent confinement in the hospital so lowered his vitality, that he became susceptible to the pneumonia germs. He was less able on account of his lowered vitality to combat the disease, and that his injury, his subsequent confinement and the resultant pathological changes resulting in a lesser ability to resist were directly responsible for his death by pneumonia on March 7, 1937.” It affirmed the other findings of fact and the conclusions of law and award of the referee.
 

 Defendant appealed to the court of common pleas, which, after stating that the sole question of law in the case was whether or not there was sufficient competent evidence from which- the referee and the workmen’s compensation board
 
 could
 
 find a causal connection between the accidental injury and the death, referred the case back to the board to give consideration, to certain
 
 *332
 
 hospital records used by the impartial expert in arriving at his opinion, but which had not been included in the record sent up on appeal.
 

 The personnel of the board had in the meantime changed, and without further taking of testimony, the board, following a hearing, came to the conclusion that the prior board had erred in its last disposition of the case. In its discussion it stated that it placed no reliance on Dr. Vaccaro’s testimony because the assumptions on which it was based were without foundation in fact. It ruled that a mere finding that an accident had lowered the employee’s vitality so as to make him susceptible to a germ disease and less able on account of such lowered vitality to combat the disease, from which he died, was not sufficient to show a causal connection between the injury and the death entitling his dependents to compensation.
 

 It affirmed the findings of fact of the referee including the ninth finding as modified by the prior board, which was at variance with its discussion, but drawing a wholly different conclusion of law therefrom, set aside the referee’s second conclusion of law and substituted the following:
 

 “Second: Upon the facts found, the accident deceased sustained December 11,1936 reduced his vitality so that he was more susceptible to the pneumonia germ and less able on account of said lowered vitality to combat the disease so that he died on March 7,1937, but the claimant is not entitled to receive compensation. Lowered vitality is insufficient causal connection to establish that death was caused by the accident.” It sustained the appeal and dismissed the petition.
 

 Claimant appealed to the court of common pleas, which reversed the board and entered judgment for the claimant. Defendant appealed.
 

 We think the court misunderstood the legal question before it on the second appeal. By reason of the changed
 
 *333
 
 action of tbe board it was not tbe same as it had stated on tbe first appeal.
 

 On tbe first appeal tbe board bad made an award of compensation, and if there was sufficient competent evidence in tbe record from wbicb tbe board
 
 could
 
 find a causal connection between tbe employee’s broken hip and bis death by pneumonia, it was tbe court’s duty to affirm tbe award and enter judgment on it.
 

 But on tbe second appeal, tbe situation was different. Tbe new board bad
 
 disallowed
 
 tbe claim, and tbe question no longer was whether or not there was sufficient competent evidence from wbicb tbe board
 
 could
 
 find a causal connection between tbe employee’s accident and his death. Where tbe decision of the board is against tbe party having the burden of proof — in this case, tbe claimant — bearing in mind that a trier of fact is not
 
 required
 
 to accept even uncontradicted testimony as true
 
 (District of Columbia’s Appeal,
 
 343 Pa. 65, 79, 21 A. 2d 883, 890) tbe question before tbe court is whether tbe board’s findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of tbe competent evidence. Unless tbe answer is in the negative, tbe order must be affirmed.
 

 There might be, and in fact, we think there was in this case, competent medical testimony that would support a finding of such causal connection:
 
 Dopkin v. Phila. & R. C. & I. Co.,
 
 296 Pa. 71, 145 A. 707, cited by tbe Supreme Court in
 
 Parks v. Miller Printing Mch. Co.,
 
 336 Pa. 455, p. 458, 9 A. 2d 742. But the board was tbe body to decide questions of fact. It was not bound to accept tbe testimony on which tbe prior board bad based its decision.
 

 There was, on tbe other band, testimony that reduced tbe effect of tbe injury to a mere lowering of vitality, wbicb made tbe employee more susceptible to the pneumonia germs probably present in some part of bis
 
 *334
 
 body, and less able to combat the disease. This latter, standing alone, is not enough to support an award of compensation:
 
 Anderson v. Baxter,
 
 285 Pa. 443, 132 A. 358;
 
 Morgan v. Phila. & R. C. & I. Co.,
 
 273 Pa. 255, 116 A. 891;
 
 McCoy v. Jones & Laughlin Steel Co.,
 
 275 Pa. 422, 424-5,119 A. 484;
 
 Bunnell v. State Workmen’s Ins. Fund,
 
 124 Pa. Superior Ct. 171, 188 A. 411;
 
 Parzuhoski v. Pittsburgh Term. Coal Corp.,
 
 140 Pa. Superior Ct. 179, 13 A. 2d 879;
 
 Olsweski v. Lehigh Navigation Coal Co.,
 
 145 Pa. Superior Ct. 193, 20 A. 2d 874.
 

 It is clear from the board’s discussion that it felt that the cases just above cited ruled this case; but it made no change in the referee’s findings of fact as modified by the board, on which the award of compensation appealed from had rested. This created an inconsistency between some of the findings with respect to the medical testimony, and also between some of the findings on the one hand and the conclusions of law and the order on the other. But in such case it is not the duty of the
 
 court
 
 to decide which
 
 findings
 
 are to govern the case, but to refer the matter back to the board to make consistent findings and appropriate conclusions of law, and to enter an order in conformity with such findings and conclusions.
 

 "When the matter was referred back to the new board it was entitled to make its own findings and draw the proper legal conclusions from those findings. It was not bound by the action of the prior board any more than a court, when sitting as a fact finding body, rehearing a case, is bound by the findings of a prior court, or a jury on a retrial is bound by the verdict of a former jury. But its findings must be consistent with each other, and the law must be correctly applied to them in making its conclusions of law and its order.
 

 We are therefore of opinion that as there is some inconsistency between certain of the findings of the referee, affirmed by the board, and also between some of
 
 *335
 
 those findings and the conclusions of law and order of the board, the case should be remitted to the hoard to review all the evidence, including the hospital records referred to in the first opinion of the court below, and then make consistent findings of basic facts — not cumbered with statements of what the physicians testified to — and on the basis of those findings, draw the proper conclusions of law and make an appropriate order.
 

 It is so ordered.