Opinion by
 

 Cunningham, J.,
 

 In this workmen’s compensation case the employer, a building contractor, and its insurance carrier, have appealed from the judgment of the Court of Common Pleas of Bucks County, entered upon an award made by the compensation authorities under Section 306(c) of the Workmen’s Compensation Act of June 2, 1915, P. L. 736, as amended and reenacted by the Act of June 4, 1937, P. L. 1552, 77 PS §513, to the claimant, Albert J. Cutler, “at the rate of 65% of $20 or the sum of $13 per week, from February 28, 1938, to continue for a period of 65 weeks (40 weeks for the loss of the middle finger, and 25 weeks for the loss of % the index finger of the claimant’s right hand.”)
 

 The basis of the award was that claimant suffered an “injury by an accident in the course of his employment” within the meaning of Section 301, 77 PS §§ 411, 431, which, according to the claim-petition filed July 12, 1939, happened on February 28, 1938, while claimant was working as a laborer in the construction of a post office at Morrisville, Pennsylvania. With relation to the nature and cause of the injury the following allegation was made: “The ends of the first and second fingers of right hand frozen because of the cold weather, causing amputation at first joint of second finger and uselessness of first joint of index finger.”
 

 Defendants contested liability primarily on the ground that claimant’s disability was not the result of an “accident” within the meaning of the statute. After a hearing before a referee the above award was entered; upon appeal by defendants, the board affirmed the findings of fact, conclusions of law, and award of the referee.
 

 
 *536
 
 The pertinent findings of fact made by the referee were as follows:
 

 “5. That on [February 28,1938] the claimant, while in the defendant’s employ, and while helping to mix concrete, was pushing a wheelbarrow dumping gravel and cement into the concrete mixer.
 

 “6. That it was raining on the aforesaid day, and the rain froze as it fell striking the claimant’s hand which caused the index and middle fingers of his right hand to become frozen.
 

 “7.
 
 That the claimant did not become aware of the fact that the fingers had been frozen until approximately April 13, 1938, when they ‘broke open’ and were ‘like a piece of raw meat.’
 

 “8. That as a result of the said occurrence, the claimant suffered the amputation at the distal joint of his right middle finger ’and the industrial loss of use of the distal phalange of his right index finger.”
 

 The court below, upon defendants’ appeal to it, dismissed their exceptions and entered judgment upon the award; the present appeal is by the defendants from that judgment.
 

 The only questions raised in this court are: (1) Whether frostbite can properly be considered as an accident within the meaning of the statute; and (2) Whether there is sufficient competent testimony to support a finding of a causal connection between the alleged exposure on February 28, 1938, and the conditions which developed in claimant’s fingers more than six weeks thereafter.
 

 Under our present conclusion, the first question need not now be considered at length. We agree with the court below that frostbite may, under certain circumstances, be considered an “injury by accident,” i. e., it may constitute one of those instances in which a disease or disability is contracted as the result of exposure to excessive heat, cold, or other unusual environmental conditions. See the second classification of cases by
 
 *537
 
 Mr. Justice Stern in
 
 Parks v. Miller P. Mach. Co. et al.,
 
 336 Pa. 455, 459, 9 A. 2d 742, — cases “where the work or act performed by the employe is voluntary, and not marked by any abnormal or unusual feature, but where there occurs an unexpected and unusual pathological result; that is to say, where the accident resides in the extraordinary nature of the effect rather than in the cause.” Reference should also bé made to the note at the foot of page, 459, in which it is suggested that frostbite should, on principle, be considered comparable with sunstroke and heat prostration. A case which seems to have been generally overlooked in discussions upon this subject is that of
 
 Savidge v. Dime T. & S. Co. et al.,
 
 108 Pa. Superior Ct. 333, 164 A. 734. That was a frostbite case in which the parties entered into an agreement to compensate the claimant for a period of four months for disability following immediately after having had his fingers frostbitten while placing globes in an outside electric sign. The contest in the case arose out of the contention of the employee that there was a causal connection between the exposure which he suffered at that time and a disease which subsequently developed in his feet and legs resulting in their amputation.
 

 In our opinion, the controlling question in this case is whether there is competent testimony upon the record from which a referee or the board could reasonably find there was a causal connection between such exposure as claimant’s hands were subjected to on February 28, 1938 and the disability which did not manifest itself until more than a month and a half later. With reference to the exposure, claimant testified that while he was engaged in dumping gravel and cement into a concrete mixer from a wheelbarrow on February 28, it was raining and freezing; that his “gloves got wet so [he] took them off and worked bare-handed and [his] fingers got numb,” particularly those of his right
 
 *538
 
 hand; and that he then “shoved them in a barrel of water and rubbed them and they felt all right.” Claimant continued to work regularly at his job until April 13, when, according to his testimony, the first two fingers “broke all open” and “got just like a raw piece of meat.” With reference to the intervening period, his only statement was that his fingers “used to sting a little bit in the morning......when it was cold.”
 

 The record is barren of any expert medical opinion testimony tending to show any connection between the alleged exposure and the disability which developed much later. Both the board and the court below expressed the opinion that this is a case in which expert testimony of the nature indicated is not necessary in order to support an award. We do not agree with that conclusion. Here, the alleged effects did not follow the exposure so immediately and directly as to give rise to a natural inference that they were 'caused by it. On the contrary, frostbite is not a condition which ordinarily develops gradually, and the long period of weeks which intervened between "the exposure relied upon and the manifestation of the effects thereof renders it essential that claimant, in order to meet the burden of proof resting upon him, show by competent expert testimony the existence of a causal connection between the alleged accident and the development of the acute conditions which necessitated the surgical operation. See
 
 Dorsch v. Fisher Scientific Co. et al.,
 
 136 Pa. Superior Ct. 197, 203, 7 A. 2d 604, and
 
 Bunnell v. State Workmen’s Ins. Fund, et al.,
 
 124 Pa. Superior Ct. 171, 174, 188 A. 411. During that interval claimant suffered no discomfort sufficient to prevent him from doing his usual work or to prompt him to make any report of the incident to his employer.
 

 It is interesting to note that an admittedly qualified expert upon the effects of frostbite testified before the referee in
 
 Savidge v. Dime T. & S. Co.
 
 supra, p. 342:
 

 
 *539
 
 “In frostbite there is a sudden insult to a vessel at a given point. It happens abruptly. Fingers bitten today and the changes occur in the next two days.”
 

 Our conclusion is that this record should be returned to the court below and by it remitted to the board to the end that both sides be afforded an opportunity to introduce competent testimony upon the issue of causal connection in this case.
 

 It is so ordered.