## Schwirian, Appellant, v. Fort Pitt Steel Casting Company.

Argued April 15, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*David S. Palkovitz*, with him *Sam R. Keller* and
*Samuel A. Weiss*, for appellant.

*Murray J. Jordan*, with him *Fred J. Jordan*, for
appellees.

OPINION BY KENWORTHEY, J., July 16, 1943:

This is another groundless appeal in a workmen's
compensation case by the party—here the claimant—
against whom the board has made findings of fact upon
ample competent evidence. The case comes to us from
the judgment of the common pleas based upon the find-
ing of the board "that the claimant received an injury
to his right arm, but that this injury had no connection
with the blood stream infection [osteomyelitis] which
claimant subsequently suffered."

On September 24, 1936, appellant was suffering from
a boil on his right arm. He accidentally bumped his
arm and knocked the top off the boil. Some days later,
he developed osteomyelitis in the other arm which sub-
sequently spread to other parts of his body. The con-
dition required numerous operative procedures and was
responsible for the disability for which the claim was
filed.

Appellant called a physician who first examined him about a year after the accident and who testified that in his opinion the accident had caused the osteomyelitis. Defendant called a physician who likewise had not attended appellant and who testified that in his opinion the accident had no connection with the disease; that the staphylococcus which produced the boil was also responsible for the blood stream infection but there was no causal connection between the accidental injury to the boil and the subsequent more serious injury which the germ caused.

A third physician was called. He was the surgeon who had been consulted by the claimant on the recommendation of his attending physician, the man who performed the operation and under whose care appellant remained during the period surgery was required. Chairman Ullman, who wrote the original opinion for the board, discussed and quoted his testimony at considerable length and indicated that the board's finding of fact on the controlling question was based very largely upon it. Although this witness, in response to the persistent attempts by former referee Roberts to torture his opinion into one favorable to appellant, admitted that it was *possible* that the accident aggravated the development of the osteomyelitis, he stated, in terms which were unmistakable, that in his professional opinion there was no such connection. And the new board (which on April 12, 1939, granted re-argument), in an opinion by Commissioner Knoll, said: "A review of the entire record discloses that Dr. Arthurs' testimony was clear, concise, convincing and without any prejudice or reflections toward either party in the proceedings." It re-affirmed the findings of the former board and dismissed the petition.

Appellant, arguendo, employs the outworn technique of culling in snippet form excerpts from the physician's testimony in which, with becoming modesty he disavowed any pretense to omniscient certainty, and then

contending we, as a matter of law, should declare it entitled to no weight. But, without quoting at length, the witness repeated directly three times and inferentially many more times the substance of the opinion, first given in answer to a question by counsel for appellant, which was: "I was going to say that bone infections have their origin by way of the blood stream and, that being the case, that this has its origin from that skin infection; but that the blow played any part in it, I don't believe." We have repeatedly said that it is not our province to weigh the evidence. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 333, 24 A. (2d) 51; *Clugh v. National Fireproofing Co.*, 151 Pa. Superior Ct. 630, 30 A. (2d) 678.

The point appellant makes about Dr. Arthur's statement that he did not know the source of information of the interne who took the hospital history in which there was no mention of an accident is wholly irrelevant. His opinion was based throughout on the assumption that there had been the accident which claimant described.

The judgment is affirmed.

RHODES, J., concurs in the judgment.